THE STATE OF KANSAS v. C. H. GRAHAM.

QUO WARRANTO; COUNTY OFFICER; *Forfeiture of Office; Abandonment.* Where a person has been duly elected to the office of county treasurer and has duly qualified and taken possession of the office, and has while in possession of the office committed certain acts, and neglected and refused to do certain other acts which work a forfeiture of his right to further hold the office if the state should choose to proceed against him, and where he then, without resigning, and without any judgment having been rendered against him, but with his right to hold the office still complete, abandons the office, *held*, that an action in the nature of *quo*

*warranto* instituted by the county attorney in the name of the state, to ter-. minate his right to further hold the office may be maintained, notwithstanding his said abandonment of the office.

### *Original Proceedings in Quo Warranto.*

QUO WARRANTO, brought in this court in the name of "*The State of Kansas,* upon the relation of A. M. F. Randolph, county attorney of Coffey county, against *C. H. Graham,* county treasurer of said Coffey county," to obtain a judgment of ouster against said *Graham,* removing him from his said office. [The petition was filed December 24th, 1873, and while the action of *Graham v. Cowgill,* ante 114, was pending and undetermined.] The averments of the petition, and of the answer made thereto, are sufficiently stated in the opinion, *infra.* The questions here decided arose upon a demurrer to the *first* defense contained in the answer. By a stipulation between the parties, the plaintiff was in any event to have judgment against defendant on the disclaimer set up in the *second* defense, which judgment was to take effect April 1st, 1874. A determination of the questions raised by said demurrer, as to the sufficiency of the *first* defense to the action, was necessary to fix the liability for the costs of this proceeding.

*A. M. F. Randolph,* and *A. L. Williams,* for The State:

The respondent Graham, admits that on the 7th of November 1871, he was duly elected to the office of county treasurer of the said county of Coffey for the term of two years to commence on the first Tuesday in July 1872, and that subsequently he duly qualified for said office. But he shows to the court that at the time of the commencement of this action, and prior thereto, and ever since said time, he has neither been in the possession of said office nor of any of the rights, franchises, or emoluments appertaining to said office, and that during all the time last aforesaid he has not exercised, nor attempted to use or exercise any of the functions or rights belonging thereto. Because of the foregoing admissions, and inasmuch as the respondent does, from and after the 1st day

of April 1874, (instead of from and since the commencement of the term of two years for which he admits that he was duly elected and qualified,) abandon, relinquish and disclaim all and every right, title, or interest which he may have had or possessed in and to said office, it may safely and very fairly be concluded and taken as a fact to be considered in this cause, that during some part of the time from and since the first Tuesday in July 1872, until the time of the commencement of this action, (December 24th 1873,) the respondent was in actual possession of said office, and in the full use and enjoyment of all the rights, franchises and emoluments, and in the discharge of the duties thereof.

Has the state a right to remove a county officer from an office to which he has been duly elected and qualified for a term which has not yet expired, when at the time of the commencement of the action for that purpose, such officer was not in actual possession of the office, nor of any of its franshises, and was not then exercising nor attempting to exercise any of the rights and powers with which the law had invested him, and was not then performing nor attempting to perform any of the duties by law imposed upon him, and when said officer had not resigned? We say, of course, that under such circumstances, an action will lie — particularly when, as in the present case, the respondent seems to have been put by the pleadings into the predicament of having fallen still-born into said office wherein he has ever since remained quiescent. While the state admits that it is not sufficient in a petition to allege merely that the respondent claims to use or exercise an office or franchise, and that in such a case a plea denying the user is sufficient; yet the facts stated in the defense demurred to, show something more substantial than a mere claim on the part of the respondent. Said first defense shows in substance that he was duly elected to and qualified for the office of county treasurer of said county for the term of two years to commence on the first Tuesday in July 1872, and that he now is lawfully and rightfully such officer for said term, which has not yet expired;

but he confesses generally that he has neglected and refused duly to exercise the rights and powers which the law and his official bond and oath had made it obligatory upon him to use and exercise, and that he has neglected and refused to discharge each and all the duties imposed upon him by law.  He confesses his total and complete neglect and abandonment of said office at the time of the filing of relator's petition, prior thereto, and ever since said time.  Being still the incumbent *de jure* of said office, he pleads nothing whatever to explain, excuse or justify his said abandonment, neglect, and non-action in said office, but by his admissions brings himself precisely within the operation of § 180 of ch. 25, Gen. Stat., and the second subdivision of § 1, ch. 116, Laws of 1871.  It is a familiar principle that offices, like franchises, may be forfeited by nonuser, as well as by misuser. 21 Ind., 516–522;  8 B. Monroe, 666.

*R. M. Ruggles*, for defendant:

The only question of course is, has the state a right to commence an action to remove a county officer from an office when at the time of the commencement of the action the officer is not in the use of the office or any of its franchises, nor attempting to exercise any of the franchises of said office?  We of course say, that under such circumstances the action will not lie.  If an officer is not acting as an officer, nor attempting to act as an officer, what is there to remove him from?  If the petition disclosed that respondent was not in the possession of the office, and was not using or claiming to use any of its franchises, would it not have been bad on general demurrer?

Is it not one of the necessary ingredients in a petition in the nature of *quo warranto* to allege an actual user and occupation?  If this is so, is it not necessary to prove the allegations?  Is not this a possessory action, brought by the state to recover possession of an office which the defendant is alleged to have forfeited by reason of certain acts?  If this is so, is it not necessary to show possession in fact, at the time of commencing the action?  Is there any other result to be

accomplished by this action than that of removing the officer from the office? If not, can he be removed from that of which he is not either in the actual or constructive possession or occupation?

Has not the defendant, by his own acts in not using or occupying, nor attempting to use or occupy, the office, placed himself in precisely the same position as he would be placed in by this action? Then, if no greater or better result is to be reached by this action than was already reached by the acts of the defendant, ought the defendant to be subjected to the costs of this action?

How can a man be removed from an office, unless he is in the use and actual occupation of the same? Is the allegation in the petition, that defendant is in the possession of this office, and exercising and using the rights and performing the duties of the same, material, in order to make the petition state a cause of action? If so, is not the defense demurred to a perfect traverse of this allegation? While we have been unable to find any case deciding the precise point, we think that the principles decided in the following cases to be entirely applicable: *The King v. Ponsonby*, 1 Vesey, Jr., 1; *Rex v. Whitewell*, 5 Term R., 86; *People, ex rel. Taylor, v. Thompson*, 16 Wend., 655. Of course this case is to be distinguished from cases arising under statutes which not only remove the officer but impose a penalty or fine against him, as no other result can be obtained under our statute except his removal.

The opinion of the court was delivered by

VALENTINE, J.: This is an action in the nature of *quo warranto* brought originally in this court by the county attorney of Coffey county to oust the defendant, C. H. Graham, from the office of county treasurer of said county. The petition states among other things as follows: "That heretofore, to-wit, on the 7th of November, 1871, the said C. H. Graham, respondent, was duly elected to the office of county treasurer of the said county of Coffey for the term of two

years to commence on the first Tuesday in July, 1872; that subsequently the said respondent duly qualified for said office, and on the said first Tuesday in July, 1872, duly entered upon the discharge of the duties of his said office of county treasurer of said county; and that since said last-named day he has continued to perform the duties of said office, and that he now claims and assumes to be such public officer, and duly to exercise the powers of such officer, and duly to do divers acts appertaining to such office." * * * And he has "as such county treasurer done and suffered to be done during his said term of office divers acts hereinafter particularly set forth and stated, which by the provisions of law work and cause a forfeiture of his said office of county treasurer; and that said respondent has as such county treasurer during his said term of office neglected and refused to perform certain acts hereinafter particularly set forth and stated which it was his duty as such county treasurer to perform, which neglect and refusal to do said acts cause and work a forfeiture of his said office of county treasurer of said Coffey county." The petition then proceeds at great length in stating the details, all showing or tending to show that the said treasurer had forfeited his office by certain acts done and neglected to be done. The answer of the defendant as amended sets up two defenses. The first is as follows: "That said defendant, neither denying nor confessing the allegations contained in said petition in this action filed, save and except as hereinafter stated, alleges and shows to the court as a defense to this action that while he admits that he was duly qualified and elected to the office of county treasurer of said Coffey county, as alleged in said petition, yet he shows to the court that at the time of the commencement of this action, prior thereto, and ever since said time, he has neither been in the possession of said office of county treasurer of Coffey county, nor of any of the rights or franchises or emoluments appertaining to or belonging to said office, and that during all of the time last aforesaid he has not used, exercised, nor attempted to use or exercise any of the franchises appertaining to or belonging to said office." The

second defense neither admits nor denies anything alleged in the petition, but disclaims all right, title, interest or claim to the office from April 1st, 1874.   This action was commenced December 24th, 1873.   The plaintiff demurred to the first defense contained in the defendant's answer on the ground that it "does not state facts sufficient to constitute a defense to this action."

The first question for us now to consider is, whether said demurrer should be sustained or overruled.   The question raised by said demurrer is, as we understand it, as follows: Can an action in the nature of *quo warranto* be maintained against a person who was duly elected to the office of county treasurer, who duly qualified and took possession of the office, who had possession and control of the office and acted as such county treasurer for some time, and who still claims to be entitled to hold the office, but who did acts and omitted to do acts while in possession of said office whereby he forfeited his right to further hold the office, and who for some cause unknown has, without resigning, and without having any judgment rendered against him, abandoned the office and is now and has been since the commencement of this suit wholly out of the possession of the office and of everything connected therewith, and is not attempting to use or exercise any of the rights or franchises of the office, and where it does not appear that any other person is or ever has been in possession or has ever had control of the office?   That is, can the action be maintained against a party who is entitled to the office, who has had possession of the office and may legally take possession of it at any time again if he chooses, but who happens not to be in possession of the office at the time of the commencement of the action?   Or, to shorten the statement further, will the mere want of possession at the time of the commencement of the suit defeat the action?   We think not. The office was not vacant within the meaning of the law. But the person entitled to hold the office was simply neglecting and refusing to perform the duties of the office.   And notwithstanding he was neglecting and refusing to perform

the duties of his office, he was still the county treasurer. Misconduct in office does not of itself remove a county officer from office. It requires the judgment of a court of competent jurisdiction to do so. (*Graham v. Cowgill,* ante 114.) Now as the plaintiff is entitled to the office, and may take possession of it at any time that he may choose, and as it does not seem from the pleadings that any one else is in possession of the office, is he not constructively in possession of the same? We know from another case in this court, that another person is in fact in possession of the office; but as that person has possession of the office illegally we do not think it would affect our decision of this case, even if the fact of such possession ·had been stated in the pleadings in this case. Section 180 of the act relating to counties and county officers provides that "If any * * * county officer shall neglect or refuse to perform any act which it is his duty to perform, or shall corruptly or oppressively perform any such duty, he shall forfeit his office, and shall be removed therefrom by civil action in the manner provided in the code of civil procedure." (Gen. Stat., 294.) The code of civil procedure provides that "Such action may be brought in the supreme court or in the district court in the following cases: * * * *Second:* Whenever any public officer shall have done or suffered any act which, by the provisions of law, work a forfeiture of his office. * * * *Fifth:* For any other cause for which a remedy might have been heretofore obtained by writ of *quo warranto,* or information in the nature of *quo warranto.*" (Gen. Stat., 760, § 653, subdivisions 2 and 5; Laws of 1871, p. 276, § 1, sub. 2, 6.) Sir William Blackstone says that "A writ of *quo warranto* is in the nature of a writ of right for the king against him who *claims* or usurps any office, franchise or liberty, to inquire by what authority he supports his *claim,* in order to determine the right." (3 Blackstone Com., 262.) Sir John Comyn says that "A *quo warranto* is in the nature of a writ of right for the king, against him who usurps or *claims* any franchises or liberties, to say by what authority he claims them." (Comyn's

Dig., *Quo Warranto*, A.) Mr. Stephen, in speaking of the causes for which an information in the nature of *quo warranto* will and will not be granted, says: "But that which constitutes a sufficient user, depends upon the nature of the office or franchise claimed; thus, where it appeared in the case of a freeman or free burgess of a corporation, that he had been sworn in, though no act or claim be stated to have been done or made by the defendant, the information was granted; and though a mere claim to be sworn in is no usurpation, yet a swearing in, though defective in law, may be; and where a defendant had taken the oath in such a way as he thought to be sufficient at the time to make him a free burgess, it was considered to be an user." (3 Stephen's Nisi Prius, 2441.) In the present case the defendant does not merely claim the office, but he has a present and existing right thereto, and a right to take immediate possession thereof. Although he has in fact forfeited his right to further hold the office, yet that forfeiture has never been judicially declared, and until it is so declared he has a right to hold the office. And no one but the state has any right to ever ask that such forfeiture shall be declared. If the state should never have asked that the forfeiture should be declared, he could rightfully and legally hold his office until the expiration of his term. It is purely in the discretion of the state whether it will press the forfeiture or not. The user is certainly sufficiently shown. The defendant gave bond, was sworn in, took possession of the office and exercised the functions thereof· for more than sixteen months,* and still claims to be legally entitled to the office, although he is not attempting to exercise its functions.

The demurrer to the first defense in said answer will be sustained. The judgment will be rendered in favor of the plaintiff and against the defendant in accordance with the stipulation of the parties.

KINGMAN, C. J. concurring. ·

[*FROM the first Tuesday of July, 1872, to November 15th, 1873: *Graham v. Cowgill* ante 114.]