Brace, P. J.
This is a proceeding in the nature of quo warranto, by the prosecuting attorney of DeKalb county, at the relation of Weed, instituted by leave in the circuit court of that county at the June term, 1893, thereof, against the defendant Meek.
On the first Tuesday in April, 1891, the relator was duly elected school commissioner of said county for the term of two years from that date, duly qualified and entered upon the discharge of his duties as such, and since has continued in the discharge thereof. At *435 the next school election, held on the first Tuesday in April, 1893, the defendant was returned as' elected school commissioner, and afterward on the fourteenth of April, 1893, received a commission under that election, and thereafter qualified as such and demanded of relator that he turn over to him all books, papers, certificate stub books, and records in his (relator’s) possession as such commissioner, which the relator refused to do, and thereafter caused this proceeding to be instituted, the information alleging the election and qualification of the relator as aforesaid and the continuance of his qualification to hold said office, and charging that the defendant was not duly elected to said office on the first Tuesday in April, 1893, “and has no lawful right or authority to hold said office for the reason that on said first Tuesday in April, A. D. 1893, said defendant did not 'hold a certificate authorizing and qualifying him to teach a public school in said De Kalb county, Missouri,” but by virtue thereof, “unlawfully intruded himself into, and usurped said office of school commissioner and now claims to legally hold said office, and to rightfully perform the duties of the same” under and by virtue of said election.
The defendant treated the information as a petition in an ordinary civil suit, demurred thereto, on the ground that the petition did not state facts sufficient to constitute a cause of action against him. The demurrer being overruled, the defendant answered, admitting that relator is acting as school commissioner of De Kalb county; denies that the defendant unlawfully or otherwise intruded himself into or usurped said office, but avers that on the first Tuesday in April, 1893, he was a resident of said county more than twenty-one years of age, and for more than one year prior thereto had been a resident of said county, and *436 then held a certificate entitling him to teach in the public schools of said county, and that at the election held on the day he was duly elected school commissioner of said county for the term of two years from said date; that he thereafter qualified as such commissioner, demanded of relator possession of the books, etc., of said office, as hereinbefore stated, but that he was never inducted into his said office nor has he exercised any of the duties thereof.
Issue was joined on the answer by a reply, and the case submitted to the court upon the evidence (which will be noticed as far as necessary in the course of the opinion) and judgment of ouster rendered against the defendant, from which he appeals, and assigns the following errors for reversal, to wit: That the court erred in overruling his demurrer, in admitting incompetent evidence for the plaintiff; and in finding the issues for him on the evidence.
I. The -objections urged to the information are that it does not allege that the relator was ever commissioned, or that he has been ousted from the office of school commissioner by the defendant, or that defendant ever used or exercised any of the powers or duties of that office, and did not possess the qualifications required for the office.
The demurrer was a general one. The defendant did not stand on it, and can not now urge any objection to the information that does not go to the cause of action. 'The information sufficiently shows the relator’s interest in, and relation to, the office, as commissioner holding the same over after his term expired until his successor should be duly elected and qualified, if that were necessary, but which is not conceded, and expressly charged “that on or about April, A. D. 1893, the defendant unlawfully intruded himself into and usurped said office of school commissioner and now *437 •claims to legally hold said office and to rightfully perform the duties of the same by virtue of his election on the first Tuesday in April, 1893,” at which time it is alleged, in substance, that he did not hold a certificate “entitling him to teach in the public schools of DeKalb county,” a qualification required by statute law for that office. A sufficient foundation for the inquiry was thus laid in the information, and the court committed no error in overruling the demurrer thereto.
II. The objections to the action of the court in admitting evidence are purely technical, not well founded, do not affect the merits of the cause, and need not be specially noticed.
III. The only evidence of possession and user of. the office of school commissioner of. DeKalb county by the defendant is the claim of the defendant in his answer that he was duly elected school commissioner thereof on the second Tuesday in April, 1893, and his action on the fourteenth of April in accepting a commission duly issued in pursuance of such election, taking the oath of office required by law, and thereafter demanding the books and other effects of the office from the relator, and subsequently furnishing the county court with •a list of names of persons from whom to select two suitable persons to act as a board of institute examiners, and the first important question in the case is: Do these facts show a user sufficient to authorize the writ.
Our statute authorizes the writ on information by the prosecuting attorney, “in ease any person shall usurp, intrude into, or unlawfully hold, or execute any •office of franchise;” under which we have held that the prosecuting attorney may maintain the proceeding* without leave of court, and without the intervention of a private person as a relator (State ex rel. v. Westport, 116 Mo. 582; State ex rel. v. McMillan, 108 Mo. 153); *438 that “the primary, and fundamental question in a proceeding by quo warranto, is whether the defendant is legally entitled to hold the office, and not as to the rights of any other person who may claim it” (State ex rel. v. Rose, 84 Mo. 198; State ex rel. v. Townsley, 56 Mo. 113); that in .such a proceeding against one for usurping an office the burden is on him to show title thereto (State ex rel. v. McCann, 88 Mo. 386).
From which it appears that the proceeding under our statute is of like nature with .the same proceeding at common law. It is not primarily a proceeding between individuals to try the right as between them to the possession of an office, although such right may be incidentally decided therein, but an inquiry by the state of one of her citizens, by what right he “holds or executes an office,” in which his title to the office which he claims is tried.
Common law writers thus define the writ: “A Quo warranto is in the nature of a writ of right for the king, against him who usurps or claims any franchises or liberties, to say by what authority he claims them.” 6 Com. Dig. [4 Ed.], 157. “A writ of quo warranto is in the nature of a writ of right for the king, against him who claims or usurps any office, franchise, or liberty, to inquire by what authority he supports his claim, in order to determine the right.” 3 Blackstone [Cooley’s Ed.], 262, sec. 5.
Courts do not sit, however, for the purpose of determining mere abstract rights, and while some user of the office must be shown, it has been held in England and in this country that the taking of the required-oath of office by one who claims the right to exercise its functions is a sufficient user to authorize proceedings in quo warranto. King v. Harwood, 2 East, 177; King v. Tate, 4 East, 337; People ex rel. v. Callaghan, 83 Ill. 128. And it is not necessary that he should be in *439 the actual exercise of those functions when the proceeding is instituted. State v. Graham, 13 Kan. 136.
Prom which it would seem, that the present proceeding can well be maintained against the defendant, who not only took the oath of office required by law, but, claiming the office by virtue of the election in 1893, received a commission and in pursuance thereof, demanded possession of the effects belonging thereto and thereafter performed the quasi official act herein-before stated.
IY. This brings us to the merits of the controversy, and the question, was the defendant eligible to the office of county school commissioner to which he was elected, for the proper solution of which we must look to the statute governing such cases. The qualifications for that office are prescribed by section 8028, Revised Statute, 1889, which reads as follows: “There is hereby .created the office of county commissioner of public schools, who shall be at least twenty-one years of age, a resident of the county, when elected, for at least one year prior to such election, and shall hold a certificate entitling him to teach in the public schools of such county. * * * ”
While this statute is rather awkwardly worded, and somewhat difficult of construction, according- to strict grammatical rules, there can be no doubt that the legislature intended thereby to prescribe the essential qualifications which a citizen must possess, either to be elected legally to the office of commissioner of public schools or in order to hold that office after having been elected thereto. It prescribes three qualifications. He must be twenty-one years of age. He must have been a resident of the county not less than one year. He must hold a certificate entitling him to teach the public schools of the county. When must he possess these *440 qualifications? The statute returns but one and the same answer to each and all of them — “when elected.”
That this is the proper construction of this statute, so far as the qualification in question is concerned, is made more obvious when read in connection with the following section (8029) which, after providing how the result of the election shall be cast up and certified to the county clerk, and for the issuance by him of a commission to the person receiving the highest number of votes for the office, provides, “And such commission, while in force, shall entitle said commissioner to all the-rights and privileges- accruing to any teacher of the county by virtue of his holding a certificate * * * .” As under this provision of the statute the incumbent by virtue of his election and commission possesses the required qualification to hold the office, the legislature must have intended that the qualification required in section 8028 must be possessed by the citizens in order to be eligible to the office.
The defendant admits that at the date of the election he did not hold a certificate entitling him to teach in the public schools of De Kalb county. He did not, therefore, possess the requisite qualifications to be ^ elected and to hold the office by virtue thereof (State ex rel. v. Newman, 91 Mo. 445), and shows no legal right thereto against the inquiry of the state in this proceeding.
This conclusion renders an inquiry into the merits of -the certificate which he obtained at some period after the election (but when, does not clearly appear) from the commissioner of an adjoining county, unnecessary. The judgment of the circuit court is affirmed.
All concur. Barclay, J., in the result.