## ATTORNEY GENERAL *vs.* CITY OF SALEM.

An information in the nature of a *quo warranto* will not lie against a municipal corporation to enforce performance of a duty imposed on it by law.

The attorney general cannot maintain a bill in equity to prevent or redress a private wrong.

In disregard of the provision of the St. of 1864, *c.* 268, § 13, that the city council of Salem should establish such rates for the use of water introduced into the city under that statute "as to provide annually, if practicable, from the net income and receipts therefor, for the payment of the interest and not less than one per cent. of the principal of" the debt contracted by the city in building the waterworks, the city council, with intent to distribute the water free, and tax the property and polls of the inhabitants to maintain the waterworks and pay said interest and percentage, established water rates merely nominal. *Held,* that this was not a grievance remediable upon an information in the nature of a *quo warranto,* or upon a bill in equity filed in the name of the attorney general.

MORTON, J.   This is an information in the nature of a *quo warranto.*   The defendants have demurred; and the only ques-tion before the court is, whether upon the facts stated in the information it can be sustained.

Under the St. of 1864, *c.* 268, "for supplying the city of Salem with pure water," the said city has constructed works for sup-plying the inhabitants with water at an expense of a million dollars or more, and has issued scrip or bonds to that amount. The thirteenth section of said act provides that "the city coun-cil shall establish such price or rents to be paid for the use of the water, as to provide annually, if practicable, from the net income and receipts therefor, for the payment of the interest, and not less than one per cent. of the principal of the 'city of Salem water loan,' and shall determine the manner of collecting the same.   The net surplus income and receipts, after deducting all expenses and charges of distribution, shall be set apart as sinking fund, and applied solely to the principal and interest of said loan until the same is fully paid and discharged."

The information alleges, in substance, that the city, disre-garding these provisions of law, has established merely nominal rates and rents to be paid for water, with the fraudulent inten and purpose to distribute water free to all its inhabitants and to all its business men and corporations, and to tax the property and polls of the inhabitants to pay said interest upon the water

loan and the expenses of operating the works and the said one per cent. upon the principal of said loan. The prayer of the information is, that the city may be made to answer to the Commonwealth by what warrant it claims to do the acts and to exercise the rights and powers aforesaid; and that said city and its officers may be enjoined from supplying water at nominal rates, and from making contracts to that effect, and from taxing its inhabitants to pay said interest and the expenses of operating the works and the one per cent. towards the capital of the water loan.

An information in the nature of *quo warranto* has, in modern practice, taken the place of the ancient writ of *quo warranto,* which was in the nature of a writ of right for the king against him who claims or usurps any office, franchise or liberty, to inquire by what authority he supports his claim, in order to determine the right. 3 Bl. Com. 262. 6 Dane Ab. 360. Cole on Informations, 110. Such information lies when the party proceeded against has usurped some office, franchise or liberty, to which he has no right; or when, having an office or franchise, he has by nonuser or abuse forfeited it, and the information is brought for the purpose of enforcing such forfeiture. *People* v. *Bristol & Rensselaerville Turnpike Co.* 23 Wend. 222. But it is not the appropriate remedy when the object is to enforce the performance of duties imposed by law.

The judgments upon an information in the nature of a *quo warranto* are adapted to the purposes above stated. The judgment may be, that the franchise usurped or abused be seized and forfeited to the Commonwealth, if the Commonwealth can enjoy it; or, if the Commonwealth cannot enjoy it, the judgment is ouster and fine. Such judgment, in either form, is clearly inapplicable, where the purpose of the proceeding is to compel the performance of a duty which the defendant neglects or refuses to perform, or to restrain the improper use of a franchise or power, clearly granted, which does not work a forfeiture of the whole franchise.

In the case at bar, upon a careful analysis of the allegations in the information, it is plain that the grievance complained of

is not that the defendants have usurped a franchise not granted but that they neglect to perform a duty imposed upon them by law in the exercise of a legal franchise. Their alleged default is, that they do not establish such rates or prices to be paid for the use of water as to provide annually, if practicable, from the net income thereof, for the payment of the interest and one per cent. of the principal of the water loan, and the expenses of operating the works. Although this results in distributing the water free, or for a merely nominal price, it cannot be properly said to be a usurpation of a franchise. At the most, it is an improper use or abuse of power in the exercise of the franchise conferred upon them by the act of 1864. It is impossible to regard the act of establishing water rates, from time to time, as the exercise of an independent franchise.

Upon this information, if any judgment is rendered against the defendant it would be a judgment of forfeiture of and ouster from the whole of the franchise. This the plaintiff does not claim. *People* v. *Bristol & Rensselaerville Turnpike Co.* 23 Wend. 222. *People* v. *Bank of Hudson,* 6 Cowen, 217. This information does not allege such forfeiture, and does not pray for a judgment of forfeiture or ouster. Upon the whole, we are of the opinion that this information cannot be sustained.

We have not felt called upon to consider whether, under our political system, an information in the nature of a *quo warranto* can under any, and, if any, what, circumstances, be maintained against a city, town or other municipal corporation.

But the plaintiffs urge that this proceeding may be treated as a proceeding for general relief on the equity side of the court. If the necessary amendments were made to change it into an information or a bill in equity, we are of opinion that still it could not be sustained. Whether, in this state, in the absence of any express grant of equity jurisdiction, the attorney general can bring a bill in equity to redress any public wrong or grievance, need not be decided. It is clear that such a bill cannot be sustained for relief against a private wrong. In this case, the grievance complained of is not a public wrong, in which every subject of the state is interested; and therefore cannot be re-

dressed by a public prosecution or proceeding. *Wesson* **v.** *Washburn Iron Co.* 13 Allen, 95. *People* v. *Clark*, 53 Barb. 172. *Demurrer sustained.*

S. *Bartlett*, (*J. A. Gillis* with him,) for the defendants.

*J. W. Perry*, (*W. C. Endicott* with him,) for the Attorney General.