HOLMES v. SIKES, relator.

1. Where a case was tried on the allegations contained in the petition and answer, and no evidence was adduced at the trial, a motion to dismiss the writ of error because there was not incorporated in the bill of exceptions " a brief of the evidence," and no reason assigned for the omission, is manifestly without merit.

2. A judgment of ouster on an information in the nature of a quo warranto can not be entered against one who, though once an unlawful incumbent of a public office, is not, at the time the information is filed, exercising the duties of the office or claiming any title thereto.

Argued May 7, — Decided May 23, 1901.

Quo warranto.    Before Judge Spence.    Worth superior court. April 23, 1901.

*Perry & Tipton* and *J. J. Forehand*, for plaintiff in error.

*W. E. Wooten, solicitor-general*, and *Claude Payton*, contra.

COBB, J.    An information in the nature of a quo warranto against Robert A. Holmes was filed in the superior court by Wooten, solicitor-general, on the relation of W. L. Sikes, after leave to file it had been duly granted.    It was alleged in the information that at an election held for the office of mayor of the town of Sylvester, at which the relator and the defendant were candidates, the relator received a majority of the votes cast, and was duly commissioned as mayor; that on contest proceedings filed before the ordinary by the defendant, who was, prior to the election, the incumbent of the office, a judgment was rendered setting aside the election; that this judgment was void, for want of jurisdiction in the ordinary to render it; and that the relator is the lawful incumbent of the office. The prayer was that the defendant be ousted from the office and the relator installed therein.    The information contained various other allegations which, under the view we have taken of the case, it will be unnecessary to set out.    Nor have we deemed it essential to a proper determination of the case to pass upon the several grounds of demurrer filed to the information.    The defendant filed an answer in which it was set up, among other things, that, after the judgment of the ordinary setting aside the election, the defendant, as mayor holding over, called a special election, as provided by law, and that at this election one G. J. Wallace was elected mayor; that he has regularly qualified and is discharging the duties of the office of mayor, and "this defendant no longer claims to exercise the office of mayor or any authority in the premises, but has surrendered to the said G. J. Wallace, who now occupies said office."    On motion, the court struck all that portion of the answer above referred to.    The case was then submitted to the judge upon the facts appearing in the petition and answer, and he rendered a judgment in which, after stating that there was no issue of fact, it was adjudged that the defendant be "ousted from the office of mayor holding over."    To this judgment the defendant duly excepted.    Among the errors assigned in the bill of exceptions are the rendition of the judgment and the striking of the portion of the answer of the defendant above alluded to.

1. When the case was called in this court a motion was made to dismiss the writ of error, because "no brief of evidence" was incorporated in the bill of exceptions, no sufficient reason given for its omission, and it is not asserted that the errors complained of can be inquired into in the absence of such brief. Inasmuch as the case was submitted to the judge on the allegations contained in the information and the answer thereto, both of which were specified as material in the bill of exceptions and brought up in the record, there is manifestly no merit in the motion to dismiss.

2. An information in the nature of a quo warranto will not lie to try the title to a public office the term of which has expired, so that no judgment of ouster can be pronounced. *Morris* v. *Underwood*, 19 *Ga.* 559; *Churchill* v. *Walker*, 68 *Ga.* 681. In the opinion in the former of these two cases Judge Lumpkin calls attention to the fact that in England the information would lie after the expiration of the term, for the purpose of collecting a fine for the usurpation, while the American courts have repudiated the doctrine of imposing a penalty. Under the statute of Anne an information in the nature of a quo warranto would not lie against one who merely claimed a public office, but was not in actual possession of it. Rex *v.* Ponsonby, 1 Ves. Jr. 1, s. c. 1 Ken. N. C. 24; King *v.* Whitwell, 5 T. R. 86, where Buller, J., said: "No instance has been produced, in which the court have granted an information in nature of quo warranto, where the party against whom it was applied for has not been in the actual possession of the office. No such instance can have happened; and all the cases cited are the other way." And in the same case Grose, J., pertinently inquired, "How can a man be said to usurp an office, when he is not in possession or in the exercise of it?" See also People *v.* Thompson, 16 Wend. 654; Sublett *v.* Bedwell, 47 Miss. 267; Roberson *v.* Bayonne, 58 N. J. L. 326; Updegraff *v.* Crans, 47 Pa. St. 103. It seems the common-law writ of quo warranto would issue in cases of mere non-user of a franchise or an office, without regard to whether the right to either was claimed. See 3 Bl. Com. 263; *Whelchel* v. *State*, 76 *Ga.* 647; Atty.-Gen. *v.* Salem, 103 Mass. 139. Our statute on the subject, in common with those of a majority of the American States, is similar in this respect to the statute of Anne. Section 4878 of the Civil Code provides that "the writ of quo warranto" may issue to inquire into the right of a person to hold a

public office, "the duties of which he is in fact discharging." It would seem, therefore, by the very terms of our statute, that the writ would not issue unless the person is in actual possession and exercising the duties of the office, although he might claim to be the lawful incumbent.

But however this may be, it is absolutely certain that an information of this character will not lie against a person who is neither claiming title to the office, nor in fact assuming to discharge its duties. See Regina v. Armstrong, 34 Eng. L. & E. 288, s. c. 20 Jur. 211. In State v. Graham, 13 Kan. 136, it appeared that the defendant had been elected to the office of county treasurer, and had afterwards abandoned it. It was held that an action in the nature of a quo warranto could be instituted by the State to terminate the right of the defendant to further hold the office. It appeared, however, distinctly from the opinion (see page 142) that the court dealt with the case on the theory that the defendant was still claiming title to the office, and that the decision was expressly put on that ground, following Sir William Blackstone's definition. In Queen v. Blizard, L. R. 2 Q. B. 55, it was held that where it appeared that the defendant was not legally entitled to the office, the court would make a rule for quo warranto absolute; although he had resigned and the resignation had been accepted before the rule was obtained, for the reason that he could not resign that which he never possessed. It would seem that a resignation would be sufficient to show that the person resigning no longer claimed the office, and that in such a case the writ would not lie where he had actually ceased to discharge the duties of the office. That decision, however, was placed upon the ground that as the relator claimed to have himself been elected to the office, he was entitled to have the defendant enter a disclaimer upon the record, in order to show that the election was invalid.

Applying what has been said above to the facts of the present case, we are clear that the court erred in striking that part of the defendant's answer in which he set up that at a special election called pursuant to law his successor had been duly elected and had qualified, and that he no longer claimed title to the office. The State is concerned only with the usurpation. It takes no part in the controversy further than to have the office declared vacant and the usurper ousted; and while this sometimes results in the installation

of the person on whose relation the information is filed, this is not the primary purpose of the proceeding. Assuming, therefore, that the defendant had never been lawfully elected, and that he had no authority to call the special election at which Wallace was elected, and that Wallace is not the lawfully elected mayor of Sylvester, the fact remains that Holmes is not now, nor was at the time the information was filed, usurping the functions of the office or claiming any title thereto. If the special election was void, Wallace and not Holmes is the usurper, and the State should proceed to oust the actual incumbent. A judgment of ouster against Holmes would not result in declaring the office vacant, because Wallace, the incumbent, is not a party to the proceeding. He is entitled to be heard on his right to hold the office. What good could be accomplished by a judgment of ouster against Holmes? It would not change the status, would not establish the relator's right to the office as against the present incumbent. If the relator was the duly elected mayor of Sylvester, and if he can be heard now to assert his right to the office, he should institute a proceeding against the person actually in office and claiming title thereto. Under the allegations in that portion of the answer which was stricken, Holmes is not only not mayor but does not claim to be such. This being the case, a judgment of ouster would have no effect upon the question of the relator's right to the office of mayor, and no such judgment could be properly entered. The court erred in striking that part of the answer just referred to. If upon another hearing the evidence establishes the allegations of the answer, the court should decline to enter a judgment of ouster against Holmes, and enter a judgment dismissing the case without prejudice to the right of the relator to assert his claim to the office of mayor against the actual incumbent. *Judgment reversed. All the Justices concurring.*