## CULBRETH *v.* CANNADY.

No. 7005. APRIL 13, 1929.

*O. W. Franklin* and *Homer C. Eberhart,* for plaintiff.
*Wilcox, Connell & Wilcox,* for defendant.

GILBERT, J.   J. Turner Culbreth brought quo warranto proceedings against Annie Cannady, under the common-law form, to oust the respondent from the office of superintendent of schools. for Echols County, on the ground of her ineligibility to hold the same under the law.   He alleged that at the general election on November 6, 1928, he and respondent were the only candidates for said office; that respondent received a majority of the votes, being thereafter duly commissioned as such superintendent by the Governor for a term of four years beginning January 1, 1929; that relator held said office until said election, and was entitled to continue to hold the same until his successōr should be elected and qualified; that respondent was ineligible to hold said office, because she was not a registered voter of said county, not having at or before said election or since registered her name in the "voters' book" of said county, and having failed to subscribe to the oath required of registrants for voting; that respondent had not been a bona fide citizen of said county for two years before said election, nor had she since become a bona fide citizen of two years standing, never having become such citizen prior to May 24, 1927.   The petition closed with an appropriate prayer.   The judge passed an order refusing leave to file said information in the nature of a writ of quo warranto, and the petitioner excepted.

As shown in the preceding statement, the sole question in this case is whether the respondent was, on the day of the election, eligible to hold the office of county school superintendent.   The petition for quo warranto alleges that the respondent was ineligible, (1) because she was not a regular voter of the county, and (2) because she had not been a bona fide citizen of said county for two years previous to said election.   In the brief for respondent these allegations are admitted.   Moreover, the judgment denying permission to file the information in the nature of a quo warranto will be treated as a judgment sustaining the general demurrer to the petition, which, of course, admits the facts that are well pleaded. "In this State there is no statute specifically prescribing the procedure in a quo warranto proceeding or an information in the nature thereof." *Million* v. *Mitchell*, 139 *Ga.* 614, 616 (77 S. E. 821); *Garrett* v. *Cowart*, 149 *Ga.* 557, 560 (101 S. E. 186).   The respondent contends that the office of county school superintendent is not such an office as is contemplated under the law of Georgia

which requires two years citizenship and qualification for voting, before eligibility. It is strongly urged that the county school superintendency is not a constitutional county office, and that the requisites for eligibility mentioned above only apply to constitutional offices. Article 11, section 2, paragraph 1, of the constitution of Georgia (Civil Code of 1910, § 6599, as amended (Ga. L. 1914, p. 43)), provides: "The county officers shall be elected by the qualified voters of their respective counties, or districts, and shall hold their offices for four years. They shall be removed on conviction for malpractice in office; and no person shall be eligible to any of the offices referred to in this paragraph, unless he shall have been a resident of the county for two years, and is a qualified voter." The next succeeding paragraph is as follows: "Whatever tribunal, or officers, may hereafter be created by the General Assembly, for the transaction of county matters, shall be uniform throughout the State, and of the same name, jurisdiction, and remedies, except that the General Assembly may provide for the appointment of commissioners of roads and revenues in any county, . . or fix the compensation of county treasurers, and such compensation may be fixed without regard to uniformity of such compensation in the various counties." § 6600. The case of *Rhodes* v. *Jernigan*, 155 *Ga.* 523 (117 S. E. 432), is cited in this connection, as controlling in the matter of what are county offices. The brief of defendant in error quotes from it as follows: "Section 112, Civil Code (1910), enumerates the names of officers that were really intended to be included in said constitutional amendment of 1914." In quoting as above set out, counsel overlooked the fact that the excerpt quoted was a part of the opinion of the trial judge, included in the statement of facts in the decision of this court, and was not a ruling by this court, though the judgment of the trial judge was affirmed. The affirmance, however, did not go to the extent of adopting all that was said as reasons for the judgment, though it is not asserted now that what is said in the excerpt is erroneous. In the second headnote to this decision it was held: "The members of the board of roads and revenue are county officers, but are not such county officers as are referred to" in the above constitutional provision (Code, § 6599). The constitution of the State recognizes certain county offices which have become known as constitutional offices, and has provided what constitutes

eligibility to hold the same. But it is contemplated in the constitution that the General Assembly might create other county offices. The constitution further provides that uniformity is not required in the creating of county commissioners. *Smith* v. *Duggan,* 153 *Ga.* 463 (112 S. E. 458) ; *Rhodes* v. *Jernigan,* supra.

It has been held by this court that a member of a county board of education is a county officer. *Stanford* v. *Lynch,* 147 *Ga.* 518 (94 S. E. 1001) ; *Clarke* v. *Long,* 152 *Ga.* 619 (111 S. E. 31). The clerk of the board of county commissioners has also been held to be a county officer. *Cooper* v. *State,* 101 *Ga.* 783 (29 S. E. 22). In *Richter* v. *Board,* 149 *Ga.* 32 (99 S. E. 28), this court held that a superintendent of schools provided for, under a statute which antedated the constitution of 1877, in the County of Chatham which included the City of Savannah, was not "such a county officer" as the law required to be elected by the people, and whose eligibility was fixed by the Civil Code (1910), § 258 (7). The fact, however, that such superintendent under the law is not to be elected by the people in no way denies that he is a public officer who holds a "county office in this State." In *McLain* v. *State,* 71 *Ga.* 279 (3), 284, it was held that a county school commissioner, as the office was then called, was a county officer, though not such a county officer as was provided for by the constitution. There are many decisions in other States, holding that county school superintendents and similar officials are county officers, but it is unnecessary to cite them. We think the present case is controlled by a statute found in the Civil Code (1910), § 258 (7), as follows: "No person shall be eligible to hold any county office in any county of this State, unless he shall have been bona fide a citizen of the county in which he shall be elected or appointed at least two years prior to his election or appointment, and is a qualified voter entitled to vote." This statute is applicable to any civil office, whether it be constitutional or statutory. Under it no person can hold any county office in any county of this State unless he possesses the qualifications named in the section of the code just quoted. In the present case the respondent admittedly does not possess them; and accordingly the court erred in refusing to sanction the petition in the nature of a quo warranto, which was tantamount to dismissing the petition on general demurrer.

*Judgment reversed.   All the Justices concur.*