## MALONE *v.* MINCHEW.

No. 7577. JUNE 17, 1930.

*Humphrey & Potter* and *Franklin & Langdale,* for plaintiffs in error.

*Slater, Moore, Oberry & Wheless,* contra.

BECK, P. J. On the first day of August, 1929, an act of the General Assembly was approved, entitled "An act to create a board of commissioners of roads and revenues for the County of Atkinson; to provide for the appointment and election of members thereof; to provide for appointment of a clerk; to define their duties and powers, and prescribe their qualifications; and for other purposes." In that act the plaintiff in error together with four others was named a commissioner of roads and revenues of the county. On November 9, 1929, A. T. Minchew as a citizen

and taxpayer of the county, in behalf of himself and all others similarly situated, presented to the judge of the superior court of Alapaha Circuit an application, duly verified by him, for leave to file an information in the nature of a writ of quo warranto (which information was attached to and accompanied said application, and was duly verified), in order to inquire into the right of B. S. Malone to hold office as a member of the board of commissioners of roads and revenues of the county. The judge passed an order allowing the information to be filed, ordering the respondent to show cause, on November 23, 1929, why the prayers of the plaintiff therein should not be granted; further ordering that a copy of the order be served upon the respondent. The respondent filed and presented to the court his demurrer to the application. The court overruled each and every ground of the demurrer. The respondent filed no further answer, but agreed that the following statement of facts was true, subject to his right to object to the competency and admissibility of the same:

"The respondent was, at the time he was named in the act of the General Assembly of Georgia in the act of said body, approved on August 1, 1929, and also the time he was inducted in office on the 5th day of August, 1929, a tax defaulter of Atkinson County, Georgia, and that he had not paid all taxes due by him to the State of Georgia, the County of Atkinson, and the school districts thereof on said dates. That the said B. S. Malone had issued against him tax fi. fa. No. 568 for the year 1928 by the tax-collector of Atkinson County, Georgia, for the principal sum of $224.13, as State County, and School taxes; that no payments were made thereon until May 8, 1929, when $44.50 was paid; and the balance remained unpaid until the 7th day of October, 1929, when the same was paid. That on the 5th day of August, 1929, the said B. S. Malone took the oath and filed a bond as commissioner of roads and revenues of Atkinson County, Georgia, and that continuously since said date he has been and is now discharging the duties of a commissioner of roads and revenues of said county, all under the provisions of the act of the General Assembly of Georgia, approved August 1, 1929, entitled" as quoted above. The respondent objected to the admissibility of the statement of facts to be considered by the court as evidence. The court overruled the objections, admitted the statement of facts, and entered

a final order and judgment granting the prayers of the relator, ruling that the respondent was ineligible to hold the office of commissioner, ousting him from the office and declaring the office vacant. To these rulings the respondent excepted.

The court did not err in overruling the demurrer. In August, 1929, the General Assembly passed an act to create a board of commissioners of roads and revenues for the County of Atkinson; to provide for the appointment and election of the members thereof; to define their powers and duties and prescribe their qualifications. In the act itself the plaintiff in error, together with four others was named a commissioner of roads and revenues of the County of Atkinson. The quo warranto proceeding in this case was instituted by a citizen and taxpayer of that county, to test the right of Malone to hold the office in question, and to have him declared ineligible to the office. The proceeding for the purposes indicated is authorized under the law of this State. Under the provisions of section 5451 of the Civil Code, the writ of quo warranto may issue to inquire into the right of any person to any public office the duties of which he is in fact discharging. It has been held by this court that an information in the nature of a writ of quo warranto may be legally instituted by a citizen and taxpayer in his own name, without the intervention of the State through its public officers. *Garrett* v. *Cowart,* 149 *Ga.* 557 (101 S. E. 186). And the fact that the person whose eligibility to the office and his right to discharge the duties thereof is brought in question was named in the act creating the board of commissioners of roads and revenues as a member of that board does not destroy the right of a citizen and taxpayer of the county to institute the proceeding.

Under the agreed statement of facts the respondent was ineligible to appointment to the office. Paragraph 3 of section 1 of article 2 of the constitution of this State reads in part as follows: "To entitle a person to register and vote at any election by the people, he shall have resided in the State one year next preceding the election, and in the county in which he offers to vote six months next preceding the election, and shall have paid all taxes which may have been required of him since the adoption of the constitution of Georgia of 1877, that he may have had an opportunity of paying agreeably to law." And in the Civil Code, §

258(7), it is declared that "No person shall be eligible to hold any county office in any county of this State, unless he shall have been bona fide a citizen of the county in which he shall be elected or appointed at least two years prior to his election or appointment, and is a qualified voter entitled to vote." Under the provision of the constitution above quoted, the respondent was not a qualified voter; and under the section of the Code just quoted, not being a qualified voter, he could not hold any county office in this State. The members of the board of commissioners of roads and revenues are county officers. *Rhodes* v. *Jernigan*, 155 *Ga.* 523 (117 S. E. 432). In *Culbreth* v. *Cannady*, 168 *Ga.* 444 (148 S. E. 102), it was held, construing Code section 258, subsection 7, that this statute is applicable to any civil office, whether it be constitutional or statutory, and that "under it no person can hold any county office in any county of this State unless he possesses the qualifications named in the section of the Code just quoted."

Nor do we think that the naming of the respondent in this case as a member of the board of commissioners created a conclusive presumption that he was eligible to this place. The act creating the board was a local act. It may be that under the rulings in *Mayor &c. of Americus* v. *Perry*, 114 *Ga.* 871 (40 S. E. 1004, 57 L. R. A. 230), and *Lambert* v. *Norman*, 119 *Ga.* 351 (46 S. E. 433), and other cases where similar rulings were made, the legislature had the right to name the members of the board; but we will not assume that in passing this local act the General Assembly intended to repeal the provisions of the general law defining the eligibility of public officers, although the act has a clause repealing conflicting laws. It may be true, as contended by plaintiff in error, that one will not be allowed to go behind a local act "and prove, by testimony extrinsic of the journals of the House of Representatives and the Senate of the General Assembly of this State, that the bill was improperly advertised or even that it was not advertised at all." It will be presumed that all three requisites to the legislative procedure in passing local bills were observed; but we do not think that there is a presumption, at least not a conclusive presumption, that a person named or appointed to an office in the act was eligible and qualified to hold the office. Such qualification or eligibility depends upon facts which, when challenged and drawn in question in a proper judicial proceeding, is a judicial question

to be determined by the courts. And so we can not agree to the contention of the plaintiff in error that the inquiry sought by the present proceeding into the qualifications and eligibility of the respondent was not authorized by law; and this inquiry being authorized, the conclusion reached by the court below, after inquiry, was required by the undisputed and admitted facts in the record. From what we have said it follows that the court did not err in overruling the demurrer, and in rendering the final judgment excepted to, ousting the respondent from the office claimed by him, and holding the office to be vacant.

*Judgment affirmed. All the Justices concur.*