WILSON *et al.* v. HARRIS.

RUSSELL, C. J. 1. "The General Assembly shall have power to provide for the creation of county commissioners in such counties as may require them, and to define their duties." Constitution, art. 6, sec. 19, par. 1 (Civil Code of 1910, § 6548).

2. "Whatever tribunal, or officers, may hereafter be created by the General Assembly, for the transaction of county matters, shall be uniform throughout the State, and of the same name, jurisdiction, and remedies, *except that the General Assembly may provide for the appointment of commissioners of roads and revenues in any county.*" Constitution, art. 11, sec. 3, par. 1 (Civil Code of 1910, § 6600). "It has been held by this court that the legislature has power to pass separate and distinct acts for any counties which require county commissioners, and 'it is not necessary that these acts shall be uniform in their operation in all such counties.'" *Rhodes* v. *Jernigan*, 155 *Ga.* 523 (2) (118 S. E. 343), and cit.

3. The office of county commissioner being of statutory origin, it is not within the uniformity requirement of the constitution as quoted above (see *Malone* v. *Minchew*, 170 *Ga.* 687, 153 S. E. 773). The General Assembly, having the power to create the office in each instance as' the needs of a particular county demand, can deal with the subject of qualification or disqualification, without restriction, provided they do not impinge upon any express provision of the State, or Federal constitution. And the General Assembly has a free hand in creating commissioners of roads and revenues, since neither constitution prescribes any qualifications for such office. "There can be no question about the proposition that the legislative power of the State is absolute with respect to all offices that it creates, where no constitutional restriction is placed upon its power with reference to such offices." *Collins* v. *Russell*, 107 *Ga.* 423, 426 (33 S. E. 444). The legislature may abolish the office before the term of the incumbent expires, may modify its duties, may shorten or lengthen the term, and increase or diminish the salary or change the mode of compensation. Id.

4. In view of the ruling in the preceding headnote, and there being no general law prescribing the qualifications of commissioners of roads and revenues, it was within the power of the General Assembly to provide for an election of the successor to the commissioner named by the act, by the grand jury of Murray County, and to prescribe his qualifications, that he should be thirty years of age, a freeholder, and well versed in matters of finance, etc.

5. The contention that the act creating a single commissioner in Murray County, sub judice, is in violation of articles 14 and 19 of the amendments to the constitution of the United States, and of article 1, section 4, paragraph 1, and article 3, section 7, paragraph 8, of the constitution of Georgia, is without merit.

6. The act now under consideration (Ga. L. 1929, p. 678) does not violate art. 3, sec. 7, par. 8, of the constitution of Georgia (Civil Code of 1910, § 6437), which inhibits passage of any law referring to more than one subject-matter or containing matter different from what is expressed in the title. The appointment of a clerk by the commissioner, and other provisions to which exception is taken, are germane to the sole and entire purpose of the act, the caption of which concludes with the words "and for other purposes." "Different opinions may prevail elsewhere as to the value of these words as descriptive terms in the title of an act of the General Assembly; they have in this State

a fixed legal significance, and the courts in passing upon the constitutionality of the acts of the General Assembly are not authorized to disregard it." *Mayor &c. of Macon* v. *Hughes*, 110 *Ga.* 795, 803 (36 S. E. 247). "Provisions germane to the general subject-matter embraced in the title of an act, and which are designed to carry into effect the purpose for which it was passed, may be constitutionally enacted therein, though not referred to in the title otherwise than by the use of the words, 'and for other purposes.'" *Burns* v. *State*, 104 *Ga.* 544 (30 S. E. 815). To the same effect are the rulings in *Bass* v. *Lawrence*, 124 *Ga.* 75 (52 S. E. 296); *Baugh* v. *LaGrange*, 161 *Ga.* 80 (130 S. E. 69).

7. The power to levy taxes and pay legal demands, as provided in the Civil Code of 1910, § 513, is vested in the office of county commissioner or boards of county commissioners of roads and revenues; and there is no merit in the contention that the act in question is an unconstitutional delegation of that power.

8. The attack upon section 8 of the act, which prohibits the commissioner from contracting obligations of the county in excess of $10,000 in any one year, is altogether irrelevant in a proceeding in the nature of quo warranto.

9. Under section 10 of the act creating a single commissioner for Murray County, it is declared that should any part of the act be declared unconstitutional it should not affect the remainder of the act. Therefore the trial judge could not, in this case, have held that the incumbent was not entitled to retain his office. *Wilson* v. *Augusta*, 165 *Ga.* 520 (141 S. E. 412).

10. The court did not err in sustaining the motion to strike the petition and in dismissing the proceeding in the nature of quo warranto.

*Judgment affirmed. All the Justices concur.*

No. 7452. JULY 18, 1930.

*R. Noel Steed, T. H. Lang,* and *J. M. Lang,* for plaintiffs.
*C. N. King, W. B. Robinson,* and *H. H. Anderson,* for defendant.