294

Atkinson, J. 1. In a quo warranto proceeding instituted under the Civil Code, § 5451, where an issue of fact is raised by the respondent as provided in § 5453, "the judge shall forthwith" draw a jury and fix a day for the trial of the case, which "shall not be less than ten nor longer than thirty days," the judge having a discretion "to continue the hearing from day to day," and, whether begun in term time or vacation, the judge shall "so order all the proceedings connected with and usual in such cases that the final determination shall be had by him in ten days from the commencement of such" proceeding. And "if either party to such application or proceeding desires to except to the decision of the said judge of the superior court, he shall, if the Supreme Court of the State be in session, within ten days after such decision carry the same to said Supreme Court by bill of exceptions, which shall be tendered and signed as is prescribed, in § 6153 of this Code, in cases of applications for and decisions granting or refusing injunctions" (§ 5454). And all of the foregoing provisions are "extended to proceedings quo warranto, or writs of that nature involving issues of fact to be tried by a jury, when the same can be applied" (§ 5455). *Held*, that, under a proper construction of the code sections above referred to, a bill of exceptions assigning error upon a judgment in a quo warranto proceeding in which issues of fact were tried, and in which was ordered a dismissal of the action at a time when the Supreme Court of the State was in session, should be tendered to the judge for his approval within ten days after the decision by the trial judge. *Western & Atlantic Railroad* v. *State*, 69 *Ga.* 524; *McWilliams* v. *Jacobs*, 128 *Ga.* 375 (57 S. E. 509).

2. "Where it is recited in a bill of exceptions that it was tendered to the judge within the time prescribed by law, and the judge signs the usual and statutory certificate, which certifies as true the recitals in the bill of exceptions, and where it does not appear that the failure of the judge to sign and certify within the statutory limit was due to the fault of the plaintiff in error or his counsel, the writ of error will not be dismissed on this ground. *Moore* v. *Kelly*, 109 *Ga.* 798 (35 S. E. 168)." *Proctor* v. *Piedmont Portland Cement &c. Co.*, 134 *Ga.* 391 (67 S. E. 942); *Stilwell* v. *Watkins*, 135 *Ga.* 149 (68 S. E. 1114); *Castleberry* v. *Parrish*, 135 *Ga.* 527 (69 S. E. 817); *Thompson* v. *Stephens*, 138 *Ga.* 205 (75 S. E. 136); *Hartley* v. *Marietta Nursery Co.*, 138 *Ga.* 736 (76 S. E. 39).

(*a*) The foregoing principle is applicable in the instant case, where the bill of exceptions contains the unqualified statements: "and now, within the time provided by law, come" the plaintiffs in error "and tender this their bill of exceptions," and the certificate of the judge, dated more than ten days after the judgment compained of, states that "the foregoing bill of exceptions is true and correct."

(*b*) The instant case differs from *Jones* v. *State*, 146 *Ga.* 8 (90 S. E. 280). The bill of exceptions states that it was presented "within the time provided by law," without qualification, and is certified by the judge to be true; whereas in the *Jones* case the recital that the bill of exceptions was presented "within the time provided by law" was

qualified by the statement that it was within 30 days from the judgment of which complaint was made.

3. "The Supreme Court has no jurisdiction to hear contradictory evidence impeaching the verity of a record from the trial court. . . The bill of exceptions and entries thereon showing jurisdiction of the Supreme Court, the writ of error will not be dismissed." *Georgia, Florida & Alabama Railway Co.* v. *Lasseter*, 122 *Ga.* 679 (,51 S. E. 15); *Swafford* v. *Swafford*, 125 *Ga.* 386 (53 S. E. 959); *Burkhalter* v. *Roach*, 149 *Ga.* 565 (101 S. E. 123); *Ham* v. *Preston*, 152 *Ga.* 244 (109 S. E. 505); *Edwards* v. *Wall*, 153 *Ga.* 776 (3) (113 S. E. 190); *Felker* v. *Still*, 160 *Ga.* 104 (2 *a*) (127 S. E. 609). In the instant case the bill of exceptions was certified by the trial judge December 4, 1929, and on the same day the deefndants in error entered thereon their acknowledgment of service. Immediately following the acknowledgment of service is the certificate of the clerk, bearing the above-stated date and purporting to have been signed in his office, certifying that the paper is the "true original bill of exceptions filed" in the case, and that a true copy thereof has been made and is of. file in his office. On the back of the original bill of exceptions is an entry signed by the clerk, "Filed in clerk's office," December 5th, 1929. *Held*, that the entry of filing of the original bill of exceptions in the office of the clerk of the trial court imports verity, and can not be impeached by a subsequent affidavit of the clerk to the effect that when he signed the certificate of filing upon the original bill of exceptions he was in another county, and that such bill of exceptions was never in fact filed in the office of such clerk and was never physically in such office, and that his conduct in making the entry of filing in manner as indicated was induced by the attorney for the plaintiff in error; and the bill of exceptions will not be dismissed on such ground.

4. In carrying cases to the Supreme Court in quo warranto proceedings "all the rules and regulations" in the Civil Code, § 6153, as to the "duty of the clerk of the superior court" apply (§ 5454). Section 6153 (relating to fast bills of exceptions) provides that the clerk of the trial court shall within a specified time make out a transcript of the record and "transmit the same" to the Supreme Court. No statute prescribes the means by which the transcript of the record shall be transmitted. The only provision on that subject is found in Rule 8 of the Rules of the Supreme Court (Civil Code, § 6226), which in part provides: "Neither a party nor his counsel shall be intrusted by any clerk with these documents for transmission; but the exclusive medium of carriage shall be by mail or express, charges prepaid, unless delivery is made by the clerk, or his deputy, in person." In section 6182 it is provided: "No rule of said Supreme Court shall have the effect to dismiss any case, as a penalty upon counsel or client, for noncompliance with any rule or rules of said court, where there has been a substantial compliance with the laws prescribing the method of bringing cases to said court; but the penalty for a violation of such rules shall be as for a contempt under the provisions of this Code." Where the. clerk of a trial court, within the time provided by law for transmitting a record on exception to a judgment in quo warranto proceed-

ings, encloses the original bill of exceptions and a certified transcript of the record in a sealed package with the name of the clerk written across the seal, and delivers it to a private person designated by the attorney for the plaintiff in error, who is not a party to or related to a party or the attorney or agent for a party, with direction to deliver the package to the clerk of the Supreme Court to whom it is addressed, and such party forthwith proceeds on his journey and delivers the package intact to the addressee on the same or the succeeding day, such manner of transmission is violative of Rule 8 of the Supreme Court, but is a substantial compliance with the statutes on that subject, and therefore will not be cause for dismissal of the case by the Supreme Court.

5. The exception to the order permitting trial of the special plea in abatement separately from the main case is insufficient to raise any question for decision.

6. The time of commencement of a suit is the date of filing as entered upon the petition by the clerk, where such filing is followed up by appropriate service. Civil Code, § 5551: *Cox* v. *Strickland*, 120 *Ga.* 104 (47 S. E. 912, 1 Ann. Cas. 970). This principle applies to quo warranto proceedings, and the status of the respondent "at the time the information is filed" is controlling on the question of whether he is an usurper of the office. *Holmes* v. *Sikes*, 113 *Ga.* 580 (2) (38 S. E. 978). The special plea in abatement is founded on the theory that the respondents were not usurpers of the office at the commencement of the proceeding, because neither of them had at that time been inducted into office and neither of them was at that time actually discharging the duties of the office. They relied on the provisions of the Civil Code, § 5451, as interpreted in *Holmes* v. *Sikes*, supra. The views expressed in the opinion in the case cited seem to be at variance with the decision by this court in *Milton* v. *Mitchell*, 139 *Ga.* 614 (2) (77 S. E. 821). But conceding the correctness of the respondents' contention that it was essential to the relators' cause of action that respondents must, at the time of commencement of suit, have been actually discharging the duties of the office, and treating, as it must be, the time of *filing the information* as the commencement of the suit, the uncontradicted evidence showed that the information was filed September 6, and that the respondents had previously to that date been commissioned by the Governor and had taken the prescribed oath, and on September 5 had been put in charge of the office and were actually discharging their official duties. In the circumstances the verdict was unauthorized by the evidence.

7. The judge erred in directing the verdict sustaining the special plea in abatement, and in entering final judgment based on such verdict, dismissing the proceedings.

8. There being no sufficient assignment of error in the main bill of exceptions on the judgments of the trial court upon the demurrers to the application and to the information, no ruling is made upon any question decided on demurrer by the trial judge adverse to the relators, plaintiffs in error in the main bill of exceptions.

9. An incumbent in office as a member of the board of commissioners of roads and revenues for the County of Clinch, as provided for in the act

approved August 15, 1929 (Acts 1929, p. 568), is a county officer within the meaning of article 11, section 2, paragraph 1, of the constitution (Civil Code, § 6599), as amended by adoption of the act approved August 14, 1914 (Acts 1914, p. 43), which provides: "The county officers shall be elected by the qualified voters of their respective counties or districts, and shall hold their office for four years. They shall be removed on conviction for malpractice in office; and no person shall be eligible to any of the offices referred to in this paragraph, unless he shall have been a resident of the county for two years and is a qualified voter; provided that the provisions of this proposed amendment shall not become effective until January 1st, 1917." In this connection see *Lee* v. *Byrd*, 169 *Ga.* 622 (151 S. E. 28); *Malone* v. *Minchew*, 170 *Ga.* 687 (153 S. E. 773).

(*a*) A person who at the time of his election or appointment to such office has not paid his taxes as provided by the constitution is not a qualified voter and is not eligible to that office. *Culbreth* v. *Cannady*, 168 *Ga.* 444 (148 S. E. 102); *Lee* v. *Byrd*, supra; *Shaw* v. *DeVane*, 169 *Ga.* 702 (151 S. E. 347); *Malone* v. *Minchew*, supra.

(*b*) The fact that such officer had received his appointment by being declared to be such in the above-mentioned act of 1929 would not take the case without the rule above stated, for the reason that the requirements of the constitution can not be avoided by act of the legislature.

(*c*) A different ruling is not required by the provisions of article 11, section 3, paragraph 1, of the constitution (Civil Code, § 6600), conferring upon the General Assembly power to provide for the appointment of commissioners of roads and revenues in any county, as an exception to the rule of uniformity in county offices as therein required.

(*d*) The judge did not err in overruling the general demurrers in so far as they related to the allegations in the application and information, which charged ineligibility of the respondents on account of non-payment of taxes.

10. Treating the act of 1929 as being not violative of the constitution upon any of the grounds taken, as the court ruled, and to which there was no exception in the main bill of exceptions, that act in effect repealed the law under which the relators claimed to hold office; and consequently the allegations of the petition did not show such right as would authorize them as claimants of the offices to maintain the suit. But as the relators sued also as citizens and taxpayers, they could maintain the suit in that capacity. *Malone* v. *Minchew*, supra; *Hathcock* v. *McGouirk*, 119 *Ga.* 978 (47 S. E. 563).

11. The allegations do not show any connection between the respondents, but on the contrary show that each claims a separate office as members of the board of commissioners. In those circumstances the respondents, and the causes of complaint against each, were improperly joined in one action. The judge erred in overruling the demurrer which raised the questions of misjoinder of parties and causes of action.

*Judgment on the main bill of exceptions reversed. Judgment on the cross-bill of exceptions affirmed in part and reversed in part. All the Justices concur.*

Nos. 7548, 7584. October 3, 1930.

*J. P. Knight* and *E. D. Rivers,* for plaintiffs.

*Franklin & Langdale, Morgan & Johnson,* and *H. C. Eberhardt,* for defendants.