## OLLIFF *v.* HENDRIX.

No. 8005. MARCH 12, 1931.

*Deal & Renfroe* and *Howell Cone,* for plaintiff in error.
*Francis B. Hunter,* contra.

ATKINSON, J. On November 6, 1928, B. R. Olliff was elected superintendent of schools of Bulloch County for a term that would expire on December 31, 1932, and was inducted into office on January 1, 1929. On July 9, 1930, John. M. Hendrix as a citizen and taxpayer, instituted a quo warranto proceeding to oust Olliff from office, on the ground that at the time of his election and at all times since then he was and is ineligible to hold the office. The alleged grounds of ineligibility are that at all of said times . Olliff was a bona fide resident and qualified voter in the City of Statesboro and the Statesboro independent school district, the limits of which are coextensive with the territorial limits of that city. The answer alleges that respondent has resided in the City of Statesboro for the past three years, but prior to filing the answer and the hearing he removed outside the limits of the city and school district. He denies that the city is an independent school district,

and avers that the city has been made the county high school and receives money from the county board of education for high-school pupils from elsewhere in the county. The judge overruled demurrers to the petition, and rendered judgment ousting the respondent. Exceptions to these rulings were taken.

■ The grounds of special demurrer were met by the amendment to the petition.

■ Section 147 of the Code of School Laws (Acts of 1919, p. 349; Michie's Code of 1926, § 1551(165); Park's Annotated Code Supp. 1922, § 1440(b)) declares: "The term of office of county superintendent of schools in each and every county of the State of Georgia shall begin with the first day of January, 1913, and terminate with the first day of January, 1917, and that said county superintendent of schools shall be elected for a term of four years as now provided by law at the same time and place as State and county officers: Provided, if there is in this county one or more independent school systems not under the supervision of the county superintendent, the voters of such independent system or systems shall not vote in the election for the county superintendent." So much of this section as declares, that, "if there is in this county one or more independent school systems not under the supervision of the county superintendent, the voters of such independent system or systems shall not vote in the election for the county superintendent," is not violative of article 2, section 1, paragraph 2, of the constitution of this State (Civil Code, § 6396), which declares: "Every . : citizen of this State who is a citizen of the United States, twenty-one years old or upwards, not laboring under any of the disabilities named in this article, and possessing the qualifications provided by it, shall be an elector and entitled to register and vote at any election by the people," on the alleged ground that it prohibits legally qualified voters of the State and county, who reside in and are legally domiciled within the territory of said independent school district, from voting and from exercising the right to register and vote in an election by the people for a county officer, the county school superintendent, and thereby denies respondent the right to vote and hold the office. *Bower* v. *Avery,* 172 *Ga.* (158 S. E. 10).

■ Neither is said portion of said section of the Code of School Laws violative of that provision of article 2, section 1, paragraph

4, of the constitution of this State (Civil Code, § 6398), which declares: "Every . . citizen of this State shall be entitled to register as an elector, and to vote in all elections in said State, who is not disqualified under the provisions of section 2 of article 2 of this constitution, and who possesses the qualifications prescribed in paragraphs 2 and 3 of this section or who will possess them at the date of the election occuring next after his registration, and who in addition thereto comes within either of the classes provided for in the five following subdivisions of this paragraph," on the grounds "that all citizens of this State who are residents of and legally domiciled within the territory of an independent school district such as that described in said petition, and who are otherwise legally qualified electors and voters of said State and county, are prohibited by the provisions of said statute so quoted from voting . . in the election for county school superintendent for such counties and for the County of Bulloch, and consequently deprives respondent of the right to so vote and to hold said office." *Bower* v. *Avery,* supra.

■ Neither is said portion of said section of the Code of School Laws violative of that provision of article 11, section 3, paragraph 1, of the constitution of this State (Civil Code, § 6600), which declares: "Whatever tribunal, or officers, may hereafter be created by the General Assembly, for the transaction of county matters, shall be uniform throughout the State, and of the same name, jurisdiction, and remedies, except that the General Assembly may provide for the appointment of commissioners of roads and revenues in any county, . . " on the ground as alleged that "said statute as is quoted above from the Code of School Laws violates the uniformity provisions of said constitution above set forth, in that the county school superintendent, and also the county boards of education, are created, their functions and duties and jurisdiction changed and altered thereby, so as to restrict and limit their jurisdiction and remedies and duties and functions in said county and in other counties in which are located independent school systems created by special acts of the General Assembly, in comparison with such jurisdiction, remedies, duties, and functions in other counties in which no such independent school districts exist."

■ Section 146 of the Code of School Laws (Michie's Code, § 1551(164) ; Park's Code Supp. 1922, § 1440(a)) declares: "The

office of county superintendent of education shall be substituted for the office of county school commissioner." The Civil Code, § 1489, declares: "County school commissioners in the various counties of this State shall be elected by the electors of their respective counties, who are entitled to vote for members of the General Assembly, at the general election held for such members next preceding the expiration of each county school commissioner's present term of office, and every four years thereafter, and they shall hold for a term of four years, and until their successors are elected and qualified." This is not in conflict with any provision of the Code of School Laws above mentioned, and therefore was not repealed thereby. *Orr* v. *Riley,* 160 *Ga.* 480 (128 S. E. 669). When the aforesaid portion of section 147 of the Code of School Laws is considered in connection with section 146, and with Civil Code § 1489, supra, it is not void, as contended, on the ground that no provision is made "for a separate registration or a separate voters list" of those qualified to vote in the districts wherein independent school systems are located.

The foregoing disposes of all the questions which are insisted upon in the brief of the attorneys for the plaintiff in error, and other assignments of error will be treated as abandoned.

*Judgment affirmed. All the Justices concur.*