PHILLIPS *et al. v.* ROZAR; *et vice versa.*

Nos. 8192, 8210, 8254.　JUNE 11, 1931.

*J. H. Milner,* for plaintiffs.

*Park & Strozier, O. J. Franklin,* and *W. A. Wooten,* for defendant.

RUSSELL, C. J. (After stating the foregoing facts.) In this case there were two hearings by two judges of the superior court. The hearing upon the demurrers was before Judge Graham, of the Oconee Circuit, and the demurrers were overruled. Subsequently the case came on for trial before Judge Hardeman, of the Middle Circuit, and at the conclusion of the evidence of the plaintiffs the court awarded a nonsuit and dismissed the case. In the main bill of exceptions the petitioners assign error upon the award of the nonsuit. The defendant filed two cross-bills of exceptions, complaining of the judgment overruling the demurrers. Both cross-bills raise the same point. So the first question to be adjudicated is whether the court erred in overruling the demurrers to the complaint in the nature of quo warranto.

■ Under decisions of this court (*Avery* v. *Bower*, 170 *Ga.* 202 (152 S. E. 239) ; *Bower* v. *Avery*, 172 *Ga.* 272 (158 S. E. 10) ; *Oliff* v. *Hendrix*, 172 *Ga.* 497, 158 S. E. 11), the constitutionality of section 147 of the Code of School Laws (Acts 1919, p. 349) has been upheld; and we therefore. hold that the court committed no error in overruling the demurrers, and that judgment is affirmed.

■■ After a careful review of the evidence we are of the opinion that the trial judge erred in withdrawing the case from the consideration of the jury and awarding a nonsuit. Nonsuit is a very harsh and drastic remedy—a substitute of a demurrer to the evidence for the trial of facts by a jury. As said by Judge Bleckley in *Vickers* v. *Atlanta &c. R. Co.*, 64 *Ga.* 306 : "Nonsuit is a process of legal mechanics; the case is chopped off. Only in a clear, gross case is this mechanical treatment proper. Where there is *any* doubt, another method is to be used—a method involving a sort of mental chemistry; and the chemists of the law are the jury. They are supposed to be able to examine every molecule of the evidence, and feel every shock and tremor of its probative force." If, as in this case, there is doubt as to which inference should be drawn from the testimony as to two or three vital points in the case, the jury being the chemists of the law and the "doctors of doubt," any inferences or deductions to be drawn from the evidence, circumstantial as well as direct, should be submitted to them. It may be true that the evidence in this case is insufficient to establish by direct proof that the defendant in error was a qualified voter of the City of Eastman, and to have established beyond all reasonable

doubt that he was qualified to vote, claiming to be a citizen of East-man. But proof of the allegation that he was "a qualified voter of the City of Eastman," was not essential in this case to establish the contentions of the plaintiffs. Under section 147 of the Code of School Laws, one is disqualified to hold the office of county school superintendent if he is a resident of a city or town which has a city school system independent of the county system. In such circumstances the resident may not vote at all; but since the law forbids any person who lives within a municipality which has an independent school system to vote in an election for county school superintendent, and since under our law one can not hold an office unless he is qualified to vote in an election for such an officer, petitioners would have established their case and have been entitled to the relief sought had they merely proved that at the time of his election the defendant in error was a resident of the City of Eastman.

The city manager of Eastman testified that the defendant in error had paid ad valorem taxes and street taxes in the City of East-man; that his name was on the registration list of the city's voters for 1929, as was the name of his wife, both having been canceled at Rozar's request on October 17, 1930. Another witness testified that he knew of his own knowledge that Rozar had been living in Eastman, with his wife, since 1926. From either of these un-disputed facts, a jury would have been authorized to infer that the defendant in error was disqualified by law, as a resident of the City of Eastman, from holding the office of county school superin-tendent. There can be no doubt that it is proper for a court to order a nonsuit where there is no proof to support the plaintiff's allegations; but this power of the court is to be most cautiously exercised. A motion for a nonsuit is in the nature of a demurrer to the plaintiff's evidence, that is to say, admitting all the plaintiff proves to be true, it is not sufficient in law to entitle him to recover. *Gray* v. *McNeal,* 12 *Ga.* 424, 429. Not only must it appear, after admitting all of the facts proved to be true (as required in rulings upon demurrer), that the plaintiff has failed to establish his case, but also all reasonable deductions therefrom are to be considered in favor of the plaintiff. The rule as laid down in innumerable Georgia cases is that "if there is sufficient evidence to *authorize* [italics ours] the jury to find for the plaintiff, although it may

not be sufficient to require them to do so, the nonsuit will not be granted." 4 Michie's Enc. Dig. 553. As said by Judge Lumpkin in the old case of *Tison* v. *Yawn*, 15 *Ga.* 493 (60 S. E. 708) : "If ·there be any evidence upon which a verdict could be rendered, the case should not be withholden from the jury."

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bills. All the Justices concur.*