ALTMAN *v.* TAYLOR.

No. 10075.   MARCH 14, 1934.

*Highsmith & Highsmith,* for plaintiff.

*C. A. Williams* and *T. J. Townsend,* for defendant.

HUTCHESON, J. The act of the General Assembly approved February 23, 1933 (Ga. L. 1933, p. 129), provides, in section 1, that "whenever any person is elected to any office in this State, including the office of ordinary of the several counties thereof, qualifies therefor by filing the bond and taking-the oath required of him by law, and receives his commission as such, and is thereafter declared ineligible to hold such office by the judgment of a court of competent jurisdiction in a proceeding brought for the purpose of determining his right or eligibility to hold such office, it shall be the duty of the officer who is required by law to call a special election in the event of a vacancy in such office; and in the event there is no provision of law for the calling of such special election, then it shall be the duty of the clerk of the superior court of the county in which such office exists to call a special election for the purpose of electing a successor to fill the remainder of the unexpired term to which such person so declared ineligible to hold office was elected." Section 3 declares, that, "whenever a special election is called and held as provided herein, the person elected to such office shall be entitled to fill such office and discharge the duties thereof for the remainder of the term to which such person so declared ineligible was elected, and any incumbent or predecessor holding over in any such office shall cease to have any right or authority to hold such office or discharge the duties thereof whenever the person so elected thereto in such special election shall qualify by filing the bond and taking the oath required of him by law and shall have received his commission." Section 4 of said act declares "that the provisions of this act shall become effective and of force immediately upon its passage by the General Assembly and its approval by the Governor."

And the next section repeals conflicting laws. On the same day during which that act was approved, a judgment was rendered in the superior court, the material part of which is, "that the said J. T. Altman is entitled to continue in and fill and hold said office, with all the rights, duties, and emoluments thereof, for and during the time authorized by law, and to the possession and custody of all of the books and records of said office, the custody of which is hereby awarded to him. Ordered further that the said S. A. Taylor be and he is hereby adjudged to be disqualified to hold said office." It is beyond question (1) that Taylor was elected county school superintendent at the general election held in November 1932; (2) that at the time of such election Taylor was ineligible to hold said office, and was so declared by a court of competent jurisdiction; (3) that thereafter the clerk of the superior court called a special election as provided in the act of 1933, in which Taylor was the only candidate and received all of the votes cast; (4) that Taylor paid all taxes required of him on June 9, 1932. The dates on which the special election was called and on which it was held are not shown. The burden was on the relator to show the ineligibility of the respondent on the day of such special election. He does allege that it was called on the authority of the said act of 1933. It must be assumed that the special election was called and held subsequently to the approval of the act. More than six months elapsed between June 9, 1932, the date on which all taxes were paid, and the date on which the election was held. On the date when the special election was held Taylor was a qualified voter and eligible to hold the office of county school superintendent. As to eligibility of one elected to office in a special election, see *McGill* v. *Simmons,* 172 *Ga.* 127 (157 S. E. 273).

The provisions of the act of 1933 (Ga. Laws 1933, p. 129) were applicable to the facts of this case. Altman, the former officer, who was defeated by Taylor in the general election of 1932, on the final adjudication that Taylor was ineligible as a matter of law, held over until his successor was elected and qualified. That was the only right to which the law entitled him. "The incumbent of a public office has no property right, or vested interest, or contract right in the office." *Gray* v. *McLendon,* 134 *Ga.* 224, 246 (67 S. E. 859). The office is statutory, not constitutional. The office itself might be abolished by statute. The act of .1933 provided a law by

which a successor could be elected. That act did not affect any vested right of Altman; and hence the application in this case was not retroactive. *Judgment affirmed. All the Justices concur.*