MARSHALL et al. v. WALKER; et vice versa.

BELL, Justice. 1. The constitution of the State of Georgia, as adopted in 1877, provided as follows: "The county officers shall be elected by the qualified voters of their respective counties, or districts, and shall hold their offices for two years. They shall be removed on conviction for malpractice in office, and no person shall be eligible to any of the offices referred to in this paragraph, unless he shall have been a resident of the county for two years, and is a qualified voter." Art. 11, sec. 2, par. 1 (Code of 1895, § 5929; Code of 1910, § 6599). By an amendment ratified in 1914 the term was changed from two to four years. Ga. L. 1914, p. 43; Code of 1933, § 2-8301. *Held*, that this provision of the constitution as amended refers only to such county offices as were in existence at the time of its adoption, and does not apply to offices thereafter created by statute. *McLain* v. *State*, 71 *Ga.* 279 (3); *Collins* v. *Russell*, 107 *Ga.* 423 (33 S. E. 444); *Barnes* v. *Watson*, 148 *Ga.* 822(4) (98 S. E. 500); *Richter* v. *Board of Public Education*, 149 *Ga.* 32(3) (99 S. E. 28); *Rhodes* v. *Jernigan*, 155 *Ga.* 523(2) (117 S. E. 432); *Graham* v. *Merritt*, 165 *Ga.* 489 (141 S. E. 298); *Lee* v. *Byrd*, 169 *Ga.* 622 (151 S. E. 28); *Wilson* v. *Harris*, 170 *Ga.* 800 (3) (154 S. E. 388); *Altman* v. *Taylor*, 178 *Ga.* 689 (173 S. E. 828); *Andrews* v. *Butts County*, 29 *Ga. App.* 302 (114 S. E. 912). On construction of the phrase "the county officers," compare *Hoffman* v. *Franklin Motor Car Co.*, 32 *Ga. App.* 229, 237 (122 S. E. 896).

(a) In *Malone* v. *Minchew*, 170 *Ga.* 687 (153 S. E. 773), relating to the office of a member of a board of county commissioners of roads and revenue, it appeared that the respondent was ineligible upon statutory grounds, regardless of the constitutional provision as to qualifications of county officers; and it was so held by this court. While it was stated in the decision that the respondent was disqualified *as a voter* under the constitution, the ruling as to his ineligibility was based upon statute.

(b) The decision in *Sweat* v. *Barnhill*, 171 *Ga.* 294 (9) (155 S. E. 18), if contrary to the earlier unanimous decision in *Wilson* v. *Harris* (supra), must yield to that decision as authority so far as either of these decisions may apply to the present case.

2. While the office of county school superintendent is a county office (*Culbreth* v. *Cannady*, 168 *Ga.* 444, 148 S. E. 102), this office was not in existence at the time of adoption of the constitution (Ga. L. 1887, p. 68, sec. 12; Ga. L. 1909, p. 154; Ga. L. 1912, p. 180; Ga. L. 1919, p. 349; Code of 1933, §§ 32-1001, 32-1002); and therefore the constitutional provision as to the qualifications of "the county officers" did not prevent the legislature from prescribing other or different qualifications for persons who might hold the office of county school superintendent. *Barnes* v. *Watson, Rhodes* v. *Jernigan, Wilson* v. *Harris*, supra.

3. By an act approved August 27, 1931, the legislature amended § 258 (7) of the Civil Code of 1910, relating to *statutory* qualifications of public officers, so as to provide "that any person who shall have been a bona fide citizen of a county for two years shall be eligible to be elected or appointed as county school superintendent, even though said person should not reside in that part of the county which is under the super-

vision of the county superintendent of schools and [be] ineligible to vote in the election for such superintendent of schools." Ga. L. 1931, p. 126; Code of 1933, § 89-101(7). Under the rulings made in the preceding notes, this provision of the act of 1931 does not violate the constitutional provision relating to the qualifications of county officers, on the ground that it permits the holding of a county office by one who is not a qualified voter.

4. Under the rulings stated above, as applied to the evidence in the instant quo warranto proceeding, the judge, who tried the case without a jury, did not err in finding that the respondent was qualified to hold the office of county school superintendent, as against the contention that he was domiciled in an alleged independent school district and by reason of such fact was not qualified to vote in an election for such office, the statute law as construed and applied in *Culbreth* v. *Cannady,* 168 *Ga.* 444 (supra), *Avery* v. *Bower,* 170 *Ga.* 202 (152 S. E. 239), *Bower* v. *Avery,* 172 *Ga.* 272 (158 S. E. 10), *Olliff* v. *Hendrix,* 172 *Ga.* 497 (158 - S. E. 11), and *Phillips* v. *Rozar,* 172 *Ga.* 862 (159 S. E. 245), having been changed by the act of 1931, supra. In this view it is unnecessary to determine whether the school district in question is an independent district, or should be treated as a quasi-independent school district, within the meaning of the Code, § 32-1002.

5. After the death of an incumbent in the office of county school superintendent, the county board of education had several meetings for the purpose of electing a successor in the manner provided by law in such case. Code, § 32-1003. At the first of these meetings, two members of the board voted in favor of one of the relators, and three members voted in favor of a different applicant, who was later found to be ineligible and who did not offer to qualify. There is no merit in the contention that this relator was duly elected as county school superintendent at such meeting, because two of the members, being a majority of a quorum (Code, § 32-907), voted in favor of the relator and the other three members voted for a person who was ineligible. Since all five of the members were present and voting, and less than a majority voted in favor of the relator, the relator was not elected at such meeting, and the vacancy was not filled where the person receiving the larger number of votes was ineligible. Code, § 102-102(5); *State ex rel. Hardwick* v. *Swearingen,* 12 *Ga.* 23 (2); *Crovatt* v. *Mason,* 101 *Ga.* 246 (6) (28 S. E. 891); *Whitehurst* v. *Jones,* 117 *Ga.* 803, 805 (45 S. E. 49); *Dobbs* v. *Buford,* 128 *Ga.* 483 (57 S. E. 777, 11 Ann. Cas. 117); *Adair* v. *Mc-Elreath,* 167 *Ga.* 294, 317 (145 S. E. 841). The decision in *Pearson* v. *Lee,* 173 *Ga.* 496(3) (160 S. E. 369), does not require a different ruling.

6. Whether or not the election of the respondent was invalid because voted at a called meeting as distinguished from a regular or an adjourned meeting, it appears from the record that any infirmity on this ground was fully cured by the ratification and adoption of such election at a subsequent regular meeting at which all members of the board were present and voting.

7. Upon the evidence submitted, the judge did not err in finding in favor of the respondent and entering the judgment accordingly.

*Judgment on the main bill of exceptions affirmed; cross-bill dismissed. All the Justices concur, except Atkinson, J., who dissents.*

Nos. 11415, 11428. · July 14, 1936.

*R. C. Jenkins, R. G. Price,* and *M. C. Barwick,* for plaintiffs. *Sibley & Allen* and *R. C. Whilman,* for defendant.