## WIDINCAMP *v.* WOOD.

58

No. 6359. September 15, 1928.

C. L. Cowart, for plaintiff.

James R. Thomas & Son, for defendant.

HILL, J. This is not a contested-election case, but is a quo warranto proceeding to contest the eligibility of the incumbent after his election and induction into office. The incumbent being in office and completely eligible to hold the office at the time of the decision of the court, it would seem to be useless and unreasonable to oust him, and thereby defeat the wishes of the people as expressed at the polls, purely on the ground that he was ineligible to hold the office at the time he was elected. This does not conflict with the decision of this court in the case of Crovatt v. Mason, 101 Ga. 246 (28 S. E. 891). The language of the statute involved in that case was such as to render the person holding the office ineligible during an entire period of time, which included the time at which the case was tried. When the decision was rendered by the trial court the person was still ineligible. That is not the case here. At the time of the trial, the law having been changed, the person whose right to the office was the subject of inquiry was eligible to election, and was eligible to hold the office, and being so, the law will not turn him out of office merely because he was ineligible when he was elected and received his commission.

In the case of State ex rel. Perine v. Van Beek, 87 Iowa, 569 (54 N. W. 525, 19 L. R. A. 622, 43 Am. St. R. 397), it was said: "It is contended that this makes ineligibility relate to the time of election, and that one then ineligible to hold office is ineligible to election, and therefore can not qualify, though fully eligible at the time for doing so. In construing this language of the statute it should be remembered that courts must be slow to interfere with the choice of the people expressed at legally conducted elections, and that it is only when their choice is contrary to law that it will be set aside. If they elect one to serve them as sheriff who can legally qualify at the time required, no good reason appears for setting aside their choice. It is an eligible officer the law requires, and any person who can qualify himself to take and hold the office is eligible to it at the time of the election. The construction claimed would prevent the election of one not of the required age at the time of the election, though he would attain to that age in time to take the office. It would prevent the election of one who would not be entitled to his ' second papers ' until after the election, though he could obtain the same, and fully qualify, by the time for taking the office. It is in harmony with the recognized rights of the people to freedom of choice in the selection of their officers, to say that, in the absence of any provision as to qualifications for election, they may choose any person who is or may become eligible to take and hold the office at the time required for qualifying. If their choice shall be one who can not qualify, it must be disregarded, for, as we have seen, it is only those who are eligible that can hold an office. If the person declared elected was under disabilities that could be removed, so as to render him eligible . . to take the office at the time he was elected; in other words, one who may be eligible at the time for qualifying is eligible to the office at the time of election." To the same effect is 22 R. C. L. 402, § 43; Neelley v. Farr, 61 Colo. 485 (158 Pac. 458, Ann. Cas. 1918A, 23); Brown v. Goben, 122 Ind. 113 (23 N. E. 519); Jones v. Williams, 153 Ky. 822 (156 S. W. 876); Demaree v. Scates, 50 Kan. 275 (32 Pac. 1123, 20 L. R. A. 97, 34 Am. St. R. 113); State ex rel. Schuet v. Murray, 28 Wis. 96 (9 Am. R. 489).

Other headnotes require no elaboration.

*Judgment affirmed. All the Justices concur, except*

RUSSELL, C. J., and HINES, J., dissenting. The ruling is in the teeth of the statute. We stand by the statute. Besides, this view is supported by authorities. *Crovatt* v. *Mason,* 101 *Ga.* 246 (supra); Parker v. Smith, 3 Minn. 240 (74 Am. D. 749); 22 R. C. L. 402, § 43.