SHAW *v.* DeVANE *et al.*

No. 7292. JANUARY 14, 1930.

*Fulwood & Forrester* and *William Story,* for plaintiff in error. *J. P. Knight, E. R. Smith, E. D. Rivers,* and *Slater & Moore,* contra.

ATKINSON, J. On May 15, 1929, C. F. DeVane and R. W. Tygart as citizens and taxpayers presented their application for leave to file an information in the nature of quo warranto, to oust M. M. Shaw from the office of alderman of the City of Nashville in Berrien County, to which he had been elected on May 30, 1929, on the ground that he was a delinquent in the matter of payment of his state and county taxes and his municipal taxes for the years

1927 and 1928. So much of the application and petition as related to delinquency in payment of taxes and the respondent's occupancy of the office was verified by affidavit of one of the petitioners and two other persons, but there was no verification of the allegation that the petitioners were citizens and taxpayers. The judge issued an order granting leave to file the application, and required the respondent to show cause why the prayers should not be granted. The respondent filed a motion to dismiss the proceeding, on the grounds: (a) that sufficient facts were not alleged to authorize the relief prayed for, or grant of leave to file the application; (b) that neither the application for leave to file nor the information was verified as required by law. At the return of the rule nisi on May 25, the judge allowed the relators to amend by attaching a joint affidavit by both relators, positively swearing to all the allegations in the petition for leave to file the information, and also the information. After amendment the judge overruled the motion to dismiss.

■ It has been ruled by this court: "A petition for leave to file an information in the nature of quo warranto must be verified. Such averments therein as show the relator's right to file an information must be positively verified, but averments concerning the occupant's usurpation of the office may be verified on information and belief." *McWilliams* v. *Jacobs,* 128 *Ga.* 375 (2) (57 S. E. 509); *Harris* v. *Pounds,* 66 *Ga.* 123 (2); *Milton* v. *Mitchell,* 139 *Ga.* 614, 619 (77 S. E. 821). It has also been ruled: "Although the act of 1887 requires a petition for injunction and receiver to be verified, yet, where the verification is imperfect, the deficiency may be supplied by affidavits at the hearing, in case the presiding judge shall think proper, in the exercise of his discretion, to proceed on the defective verification. It is best, however, to require proper verification before any action is taken on the petition." *Martin* v. *Burgwyn,* 88 *Ga.* 78 (13 S. E. 958). The rule thus stated in reference to petitions for injunction by analogy is applicable to proceedings in quo warranto. This being so, the judge did not err in allowing the relators to amend.

■ The act of 1900 (Acts 1900, p. 374) to establish a new charter for the Town of Nashville, as amended by sections 4 and 6 of the act of 1927 (Acts 1927, p. 1426), provides in part as follows: "All persons who shall have been bona fide residents of said

city for six months before the day of said election, who, before registering as hereinafter required, have paid all taxes of every description legally imposed and demanded by authority of the city, who shall have been duly registered as hereinafter provided, and who shall be qualified to vote for members of the General Assembly, shall be qualified electors. . . All persons eligible to vote for members of the General Assembly of the State of Georgia, and who have resided within the corporate limits of the City of Nashville six months prior to said elections, shall be eligible to vote in said elections." In section 10 of the same charter it is declared: "That any person qualified to vote at said city election as above provided for, and eligible to hold office according to the constitution and laws of this State, shall be eligible to hold any office in said city." Under these provisions prior payment of taxes due to the State and County and to the City of Nashville, and registration as a voter as required by law in elections of members of the General Assembly, are essential to the eligibility of a person to hold office as an alderman of the city. A registration without payment of such taxes is void, and may not subsequently be made effective by payment of taxes. *Lee* v. *Byrd,* 169 *Ga.* 622. See also *Garrell* v. *Cowart,* 149 *Ga.* 557 (2) (101 S. E. 186). The judge did not err in overruling the motion to dismiss the proceeding. The case differs from *Widincamp* v. *Wood,* 167 *Ga.* 57 (144 S. E. 900), which involved application of different statutes where the eligibility to the office in question did not depend on qualifications to vote, and the ineligibility charged was successfully removed before decision of the case.

■ A plea in abatement charged that the relators, though having returned property for taxation to the city and the county for the years 1927 and 1928, had failed to pay such taxes, and that for such reason the quo warranto proceedings instituted by them should be dismissed. The trial judge did not err in striking this plea on general demurrer.

■ An amendment to the answer alleged that while the several tax fi. fas. against respondent, which were referred to in the petition, were illegal, he nevertheless paid them under protest on June 5, 1929. The date stated occurred while action was pending, but before decision of the case. Mere payment of the taxes after registration would not validate the registration, and would not

operate to render the respondent a qualified voter. *Lee* v. *Byrd,* and *Garrett* v. *Cowart,* supra. After allowing the amendment the judge did not err in striking it on general demurrer.

■ The bill of exceptions recites, that, there being an issue of fact raised by the answer, the case was assigned for trial before a jury on June 7, and that after both sides had introduced evidence as set forth in the bill of exceptions the court directed a special verdict answering certain questions propounded to the jury, and thereafter entered a judgment declaring the respondent ineligible, and ousting him from office. The judge did not err in rejecting evidence offered by the respondent, to the effect that his name appeared on the registration lists of the county, during the years 1927, 1928, and 1929, as a qualified voter, on the ground that it was irrelevant. The uncontradicted evidence demanded the verdict directed, and the judge did not err in rendering the judgment ousting the respondent from the office.

*Judgment affirmed. All the Justices concur.*