272

## Bower *v.* Avery.

Beck, P. J. Andrew Avery, as a citizen and taxpayer of Decatur County, Georgia, instituted quo warranto proceedings against Roland Bower to have the latter declared disqualified and ineligible to hold the office of county school superintendent of that county, on the ground that Bower was a resident of the City of Bainbridge, and that the incorporate territory of the City of Bainbridge is an independent school district "and in nowise legally a part or portion of the public-school system of said county." The respondent filed general and special demurrers, and made a special appearance in which there was a motion to dismiss the proceedings; and also filed an answer. *Held:*

1. The court did not err in overruling the general demurrer to the petition. *Avery* v. *Bower*, 170 *Ga.* 202 (152 S. E. 239).

2. The court properly overruled the motion to dismiss the proceedings upon the ground that the petition was not positively sworn to, the petitioner having stricken the paragraph of his petition in which he set forth his claim to the office. *Harris* v. *Pounds*, 66 *Ga.* 123.

3. The fact that the judge of the superior court signed the remittitur from the Supreme Court in the case of *Avery* v. *Bower*, supra, fixing a date for the hearing more than thirty days after the signing of the order, was not ground for a dismissal of the case, nor for holding that the court did not have jurisdiction.

4. Even if prayer for process in a case of this kind, be required, the filing of a general demurrer was a waiver of process.

5. The provision in section 147 of the Code of School Laws (Acts 1919, p. 349), Michie's Code, § 1551(165)), which reads in part, "provided, if there is in this county one or more independent school systems not under the supervision of the county superintendent, the voters of such independent system or systems shall not vote in the election for the county superintendent," is not unconstitutional upon the ground that it is in conflict with article 2, section 1, paragraph 2, of the constitution of this State (Civil Code, § 6396), which relates to the qualification of voters. Nor is the statute set forth above derogatory of, in conflict with, and contrary to that provision of said constitution embodied in § 6391 of the Code, forbidding special legislation. Nor is said statute in conflict with article 2, section 1, paragraphs 3 and 4, of the constitution of this State, relating to the registration of voters and the qualifications of electors. It was within the competency of the State legislature to provide by statute that voters of independent school systems should not vote in the election for county superintendent.

6. A county school superintendent is a county officer within the meaning of the Civil Code, § 258 par. 7. *Culbreth* v. *Cannady*, 168 *Ga.* 444 (148 S. E. 102). The voters of an independent school system shall not vote in the election for the county superintendent. Acts 1919, pp. 288, 349; Michie's Code, § 1551(165). When this case was here before (*Avery* v. *Bower*, supra), the majority of the court held that, "Since voters in the independent school district . . . , under the statute, can not vote in an election for county school superintendent (Ga. Laws 1919, p. 349, § 147), it necessarily follows that the defendant [Bower], under the allegation, is not a qualified voter entitled to vote, and for

that reason he is not eligible to hold the office in question." Under this ruling, the eligibility to hold the office of county superintendent of schools is the eligibility of such person to vote at the election. That ruling fixed the law of the case, and is now binding. By afterwards changing his domicile from the City of Bainbridge to a district in the county outside the city, he did not remove his ineligibility to fill this office. In the case of *Widincamp* v. *Wood*, 167 *Ga.* 57 (144 S. E. 900), the ineligibility related to the holding of the office at the time of the election, and this ineligibility was removed by the legislature.

*Judgment affirmed. All the Justices concur.*

No. 7880. FEBRUARY 18, 1931. REHEARING DENIED FEBRUARY 25, 1931.

*A. B. Conger* and *G. G. Bower,* for plaintiff in error.
*P. D. Rich,* contra.

