COOPER *v.* LEWIS.

230

No. 9550.  June 15, 1933.

R. A. *Cooper* and *Hoyl H. Whelchel,* for plaintiff.

J. O. *Gibson* and *J. J. Hill,* for defendant.

GILBERT, J.  Cooper filled the office of ordinary of Colquitt County for the term expiring December 31, 1932.  At the general election held November 8, 1932, he and Lewis were candidates for that office for the term beginning January 1, 1933.  Lewis received more than 3400 votes; Cooper received 57.  Lewis was commissioned by the Governor, and qualified by taking the oath of office and giving bond.  Cooper refused to surrender to Lewis the books, papers, and other property appertaining to the office, but by order of the judge of the superior court was compelled to do so.  Cooper filed this quo warranto proceeding, praying that Lewis be required to show cause why he should not be ousted, and that title to the

office be declared in petitioner; alleging, in addition to what is stated above, that Lewis was not qualified to hold the office. The alleged cause of disqualification was as follows: "that six months prior to said election he had not paid all taxes which had been required of him since the adoption of the Constitution of Georgia of 1877 that he had had an opportunity of paying agreeably to law. In this connection petitioner shows that on·November 8, 1932, said T. E. Lewis had not paid his taxes for the years 1928, 1929, and 1930 which were due by him to the City of Moultrie, Colquitt County, Georgia, in said years, and he had not paid his poll tax for the year 1931 due under the laws of this State." By amendment the words, "and he had not paid his poll tax for the year 1931 due under the laws of this State," were stricken.

In his answer Lewis admitted that "he had not paid, six months prior to said election, all municipal taxes due by him to said City of Moultrie," and averred that prior to the election he had registered by signing his name in the voters' book and that his name was regularly entered by the board of registrars on the list of registered voters used in the general election of 1932; that he had paid all poll-taxes more than six months prior to the election; that at the general election in 1932 the people had ratified the amendment proposed to art. 2, sec. 1, par. 3, of the constitution, making the only condition to the right to register and vote, the payment of "all poll-taxes that he may have had an opportunity of paying agreeably to law, . . at least six months prior to the election at which he offers to vote, except when such elections are held within six months from the expiration of the time fixed by law for the payment of such taxes;" that while respondent might have been disqualified at the time of the general election in 1932 to hold the office, by reason of having failed to pay said municipal taxes, such disqualification had been removed by the ratification of the amendment to the constitution mentioned above, and that he was rendered eligible to hold the office and his disability removed before he took possession of the office January 3, 1933; that while he had not been required so to do, he had, in December, 1932, again registered as a qualified voter in the registration book or permanent qualification book in the office of the tax-collector of said county, and that he took the oath required by law as amended by said constitutional amendment with respect to the qualification of a voter upon the payment of his poll-

tax, and that by virtue of such last registration he was qualified to vote in any general election thereafter to be held, and was therefore a qualified voter and entitled to vote on January 3, 1933, when he took possession of the office.

The case was submitted to the court on the pleadings, to be determined as a matter of law. The court held that Lewis was eligible and qualified to hold the office, and the prayers of the petition were denied. Cooper assigned error on that judgment.

■ ■ The first and second headnotes need not be elaborated.

■ In *Widincamp* v. *Wood,* 167 *Ga.* 57 (144 S. E. 900), two Justices dissenting, it was held: "Although a person may be ineligible to hold public office at the time of his election, if he is nevertheless elected and inducted into office, and while holding the office his ineligibility is removed, the courts will not thereafter remove him solely on account of his ineligibility which existed at the time of his election." Another line of decisions holds that "a registration without payment of such taxes is void, and may not subsequently be made effective by payment of taxes." *Shaw* v. *DeVane,* 169 *Ga.* 704 (supra). Also, that the ineligibility to hold office because of the nonpayment of taxes required by the constitution was not removed by payment of such taxes subsequently to the time required under the constitution. See citations in the headnotes. The ruling in the latter class of cases and the ruling in *Widincamp* v. *Wood* has been several times distinguished. The difference is clear. In the *Widincamp* case the ineligibility was removed by the General Assembly. The General Assembly, in creating the court of which Wood had been elected judge, itself removed the ineligibility. The removal was in no way effected by Wood. Nothing that Wood did or could have done in any way affected the removal of his disability. In the other class of cases, that is, payment of the taxes required was made by the ineligible person, the question was whether the ineligible person could himself remove an ineligibility that had been created by the constitution and laws of the State.

In this instance ineligibility was created by the constitution, as shown above. On the day during which the voters cast their ballots in the contest for ordinary, they also cast their ballots for or against ratification of the constitutional amendment. The ballots for ratification exceeded those against ratification. This was an authoritative and effective mandate of the highest character. It

declared that a citizen otherwise qualified to exercise the elective franchise was not to be debarred because of nonpayment of taxes, provided he had in due time paid "all poll-taxes, that he may have had an opportunity to pay." The respondent had duly paid such poll-tax. We are authorized so to assume, because the relator in his petition as filed alleged the nonpayment of "all taxes" and subsequently amended by withdrawing that allegation as to "poll-taxes." The adoption of a constitution or an amendment to the constitution by the State is not hampered or limited by any inhibition against the passage of retroactive provisions, as is the case in adopting statutes. Where one provision of the constitution conflicts with or modifies another, the latest expression of the people must prevail. The ineligibility of Lewis having been removed by the supreme power, the ineligibility is measured by the provisions of the constitution as amended in 1932. His poll-tax having been duly paid and no other tax payment being required under the constitution as amended, his right to hold the office was properly upheld by the trial judge. This case follows the rule in *Widincamp* v. *Wood,* but the basis of this decision is stronger than in that case, where the ineligibility was removed by statute. In this case it was removed by constitutional amendment.

*Judgment affirmed. All the Justices concur.*

RUSSELL, C. J., concurs specially on the ground that the ineligibility of Lewis, respondent, was removed by constitutional amendment.