## Taylor *v.* Aultman.

Bell, J. 1. The act of August 20, 1927 (Ga. L. 1927, p. 488), creating the board of commissioners of roads and revenues of Bacon County, does not authorize a member of the board other than the chairman to receive payment of insolvent tax executions delivered to the board by the tax-collector. Nor is there any other law conferring such authority upon a member of such board. Civil Code (1910), §§ 1121, 1151, 1156. No ruling is here made as to the authority of the chairman.

2. Where such an individual member of the board received from a tax debtor money with which to pay a tax fi. fa. against the latter, he received it as agent of the taxpayer, and the fi. fa. was not paid until the money reached the officer having power to collect. *Walton Guano Co.* v. *McCall,* 111 *Ga.* 114 (2) (36 S. E. 469).

3. In the instant quo warranto proceeding, the evidence demanded the finding that the respondent had not paid his poll-tax for the year 1928 six months before the general election in the year 1932. In default of such payment the respondent was ineligible to hold the office to which he was elected. Payment of the tax before the election but within six months thereof did not remove the disqualification. The present case is distinguished from *Widincamp* v. *Wood,* 167 *Ga.* 57 (144 S. E. 900); *Lee* v. *Byrd,* 169 *Ga.* 622 (3) (151 S. E. 28). See *Shaw* v. *DeVane,* 169 *Ga.* 702 (2), 704 (151 S. E. 347); *Bower* v. *Avery,* 172 *Ga.* 272 (6) (158 S. E. 10); *Powell* v. *Hall,* 177 *Ga.* 488 (170 S. E. —); *Cooper* v. *Lewis,* 177 *Ga.* 229 (170 S. E. 68).

4. The court did not err in excluding from evidence a resolution passed by the board, pending the litigation, in which the board attempted to ratify the payment to the member as payment to the board. The board could not thus remove the existing disqualification of the respondent; nor was the resolution relevant as corroborating the contention of the respondent as to having paid the tax by paying the same to such member.

5. No error of law was committed during the trial; and the evidence demanding the verdict in favor of the relator, the direction of such verdict was not erroneous.

*Judgment affirmed. All the Justices concur, except Hill, J., absent because of illness.*

No. 9580. August 10, 1933.

*T. J. Townsend* and *Mingledorff & Gibson,* for plaintiff in error. *Highsmith & Highsmith,* contra.