STEPHENS v. WOHLWENDER et al.

No. 14838. MAY 3, 1944. REHEARING DENIED JUNE 9, 1944.

Monroe Stephens, pro se.

Powell, Goldstein, Frazer & Murphy, and Shelton & Pharr, for defendants.

WYATT, Justice. Monroe Stephens brought a quo warranto proceeding, claiming the office of solicitor-general of the Chattahoochee judicial circuit. He alleged: That he possessed all the qualifications required of an incumbent of the office of solicitor-general under the constitution and laws of Georgia; that Hubert Calhoun, the regularly qualified and commissioned solicitor-general of the Chattahoochee circuit for the four-year term ending January 1, 1945, resigned on November 18, 1942; that Ed Wohlwender Jr. was appointed solicitor-general by the Governor on November 23, 1942, and since said appointment has held and is now holding the office; and that at the general election held on August 3, 1943, the names of Monroe Stephens and Arthur F. Copland appeared on the ticket for the said unexpired term in the office of solicitor-general. The petition does not set forth the number of votes

received by either of these parties, but contains the allegation that the petitioner "received nearly every legal vote cast in said election for said office;" and then proceeds to enumerate various reasons why Copland is not qualified to hold the office. A general demurrer to the petition was sustained. The exception is to that judgment.

The only logical conclusion that can be reached from the allegations of this petition is that the petitioner contends that in the general election held on August 3, 1943, Copland received more votes than did Stephens, but that some of the votes cast for Copland were not legal votes, and that Copland, for the reasons assigned in the petition, is not qualified to hold the office in question. This means Stephens contends that he is entitled to the office because the successful candidate, Copland, is not qualified to hold the office. The prayers of the petition are as follows: "(1) That this petition for a quo warranto be sanctioned and ordered filed; (2) that the writ of quo warranto issue, and that process issue and be served in terms of the law requiring Hon. Edward Wohlwender Jr. to show cause why he should not be ousted from said office and be directed to cease his usurpation thereof; (3) that upon a hearing of said writ, judgment be entered fixing the right of your petitioner in said office and directing that all papers and books of every kind and character belonging to said office of solicitor-general of the Chattahoochee circuit be delivered to your petitioner; (4) that this honorable court take cognizance of the office of solicitor-general of the Chattahoochee judicial circuit as a res and determine the rightful incumbent thereof; and (5) that petitioner have such other and further relief as to this court may seem meet and proper."

The argument is made by the plaintiff in error that he brought the quo warranto proceedings "as a citizen and taxpayer interested in said office, and as a claimant to said office." Construing the facts set forth in the petition together with its prayers, only one conclusion can be reached, and this is that the proceeding was instituted by Stephens not as an interested taxpayer, but as a claimant to the office. "In a proceeding wherein the relator seeks possession of the office, he may recover upon the strength of his own title and not upon any infirmity or weakness in the title of defendant or respondent." 51 C. J. 361, § 11. We see no reason

why this rule of law· should not be applicable when the petition assails the right of a successful candidate to be installed in office.

This petition was brought against Wohlwender, seeking to oust him from office and install the petitioner therein. The petition, when construed most strongly against the plaintiff, showing that if Wohlwender is not entitled to the office, Copland was elected to fill the vacancy, the petitioner in this case had no right whatever to institute this proceeding. A quo warranto proceeding can not be converted into an election contest.

The judgment complained of was not error.

*Judgment affirmed. All the Justices concur, Bell, C. J., concurring specially, for the reasons indicated in his special concurrence in Stephens v. Wohlwender, ante.*