20277. MATHEW *v.* ELLIS *et al.,* ·Commissioners.

CANDLER, Justice. This is a mandamus proceeding, ·and the only question presented for decision is whether or not the Board of County Commissioners in and for Jeff Davis County are authorized to have the books and accounts of the Superintendent of Schools in and for that county audited and to compel him to produce them for such purpose. The trial judge held that the board had such authority, and ordered the defendant, as the ·county's superintendent of schools, to produce his records

for such purpose. The exception is to that judgment. *Held:* Code (Ann.) § 23-1301, provides: "The ordinary, or commissioners of roads and revenues in the counties having such commissioners, are authorized, whenever they deem it necessary to do so, to employ an expert accountant to examine and report on the books, vouchers, and accounts of any county officer whose duty it is under the law to handle county funds . . ." The county superintendent of schools is a county officer who handles county funds, and he is the legal custodian of all county-school records. Code (Ann.) §§ 32-941, 32-1009; *Culbreth* v. *Cannady,* 168 *Ga.* 444 (148 S. E. 102); *Bower* v. *Avery,* 172 *Ga.* 272 (6) (158 S. E. 10). The present board of commissioners for Jeff Davis County was created by an act which the legislature passed in 1958 (Ga. L. 1958, p. 3288). By section 10 of that act the newly created board was required to have the books and accounts of the county superintendent of schools and other specified county officers audited immediately after the act became effective and annually thereafter by a certified public accountant; and there is no merit in the defendant's contention that this section of the act offends article 1, section 4, paragraph 1 of the Constitution of 1945 (Code, Ann., § 2-401), which provides that laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law. The attacked section is not, as the defendant contends, in conflict with Code §§ 40-1811 and 40-1812, which require the State Auditing Department to thoroughly audit and check the books and accounts of the county superintendent of schools; but even if it were, the legislature has authority, under article 6, section 17, paragraph 1 of the Constitution of 1945 (Code, Ann., § 2-5201), to create county commissioners in such counties as may require them, and define their duties; and as this court unanimously held in *Bradford* v. *Hammond,* 179 *Ga.* 40 (175 S. E. 18), the last-mentioned provision of the Constitution is an exception to the first mentioned provision— the one upon which the defendant relies for his constitutional attack on section 10 of the 1958 act. On this issue and for like holdings see *Robert* v. *Steed,* 207 *Ga.* 41 (60 S. E. 2d 134), and the several cases there cited. Hence no error is shown by the record in this case.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 12, 1959—DECIDED FEBRUARY 6, 1959.

T. *Malone Sharpe, T. Ross Sharpe,* for plaintiff in error.
*Gordon Knox, Jr.,* contra.