S92A0877. BRADFIELD v. WELLS.
S92X0914. JEFFRIES v. WELLS et al.
(415 SE2d 638)

CLARKE, Chief Justice.

June Dyal Bradfield brought this declaratory judgment action to determine whether the Telfair County Tenure Law precludes her from seeking reelection to the office of Superintendent of the Telfair County School District. The trial court held that she is disqualified from seeking reelection; Bradfield filed this appeal. For the reasons that follow we reverse.

1. The issue presented in this appeal is whether the Telfair County Tenure Law controls eligibility for election to the office of school superintendent in the Telfair County School District. We hold that it does not.

The Telfair County Tenure Law (Ga. L. 1963, p. 705) is a local constitutional amendment that states in pertinent part:

Article XI, Section I, Paragraph I of the Constitution is hereby amended by adding at the end thereof the following: "The county officers of Telfair County shall not be eligible to

succeed themselves after having served two successive terms in office, nor shall any such officer who is ineligible to succeed himself be eligible to hold any other elective county office within a four year period following the date of the expiration of his second successive term. . . ." Ga. L. 1963, p. 705.

This amendment to Art. XI, Sec. I, Par. I of the Georgia Constitution of 1945 was carried forward under the provisions of the Georgia Constitution of 1976 and approved by referendum in 1986 following the adoption of the Georgia Constitution of 1983. See Ga. L. 1986, p. 4527. The local amendment specifically references only Art. XI, Sec. I, Par. I of the Georgia Constitution of 1945. Article XI of the Constitution of 1945 and the corresponding article of the Constitution of 1983, Art. IX, establish each county as a body corporate and politic and contain general provisions regarding the election of county officers, their terms and compensation. Neither article makes any mention of school superintendents. See Art. IX, Sec. I, Par. III of the 1983 Constitution and Art. XI, Sec. II, Par. I of the Constitution of 1945.

We have held that a county school superintendent is a "county officer" for several purposes. See, e.g., *Mathew v. Ellis*, 214 Ga. 665 (107 SE2d 181) (1959) (school superintendent of Jeff Davis County subject to audit under statute authorizing audit of "any county officer"). However, the office of school superintendent is not always a county office. There are numerous school districts that do not have the same physical boundaries as the county. The qualifications and eligibility for election for the office of school superintendent are therefore necessarily different from county officers in general.

Since 1945 the Georgia Constitution has contained separate, specific provisions concerning the qualifications, term of office and method of selection of school superintendents. See Art. VIII, Sec. V, Pars. III and IV of the 1983 Constitution and Art. VIII, Sec. III, Par. I of the 1945 Constitution. Under the authority of Art. VIII of the 1983 and 1945 constitutions, the legislature has passed comprehensive general laws governing the election, qualifications, powers, duties and removal of school superintendents. See OCGA § 20-2-100 et seq. The legislature also adopted separate election eligibility requirements for school superintendents. OCGA § 45-2-1 (7). There are also numerous local constitutional amendments that specifically amend the election provision of Art. VIII of the Constitution of 1945. See, e.g., Ga. L. 1962, p. 1090 (appointment of the school superintendent of Chattahoochee County); Ga. L. 1952, p. 554 (appointment of superintendent of the City of Griffin-Spalding County school system); Ga. L. 1952, p. 545 (appointment of Rockdale County superintendent). In other words, Art. VIII of the constitutions of 1983 and 1945, together with local amendments to Art. VIII and the general laws passed under the

authority of Art. VIII, constitute comprehensive requirements for the office of school superintendent. In order to amend these requirements, Art. VIII of the constitution — or the laws adopted under the authority of Art. VIII — must be amended.

The local constitutional amendment at issue here does not purport to amend Art. VIII of the Constitution of 1945 or of the Constitution of 1983. We hold that it does not govern the qualifications or eligibility for the office of superintendent of the Telfair County School District. The cases cited by appellee which deal with the eligibility requirements for the office of school superintendent, *Bower v. Avery*, 172 Ga. 272 (158 SE 10) (1930); *Culbreth v. Cannady*, 168 Ga. 444 (148 SE 102) (1929); *Stanford v. Lynch*, 147 Ga. 518 (94 SE 1001) (1917), were all decided prior to the ratification of the Constitution of 1945. Prior to 1945 there were no constitutional provisions governing qualifications or eligibility for election to the office of school superintendent. See generally Constitution of Georgia of 1877. The cited cases do not decide the issue of whether the Telfair County Tenure Law amended those constitutional provisions.

2. In a cross-appeal, intervenor Joe Tom Jeffries asserts that the trial court should have dismissed this action on procedural grounds. We find no procedural defect.

*Judgment reversed. All the Justices concur, except Sears-Collins, J., not participating.*

DECIDED APRIL 30, 1992.

*Harben & Hartley, Phillip L. Hartley, Martha M. Pearson,* for Bradfield.

*Straughan & Straughan, Mark W. Straughan, William T. Straughan,* for Jeffries.

*Glass, McCullough, Sherrill & Harrold, Robert J. Proctor,* for Wells.