## S08A0374. DYAL et al. v. POPE.
(660 SE2d 725)

MELTON, Justice.

Following his re-election on November 7, 2006, Ernie Pope is currently serving his third consecutive term as a member of the Telfair County Board of Education. Four Telfair County citizens, Ernest Dyal, Thomas Cartwright, Glynn Smith, and Annie Crisp (collectively referred to as "Dyal"), filed the present quo warranto action, contending that Pope should be removed from office because the Telfair County Tenure Law prevents him from serving more than two consecutive terms. The trial court rejected Dyal's contentions and granted a motion to dismiss filed by Pope. Dyal now appeals this decision. Because the Telfair County Tenure Law is not applicable to local school board members, we affirm.

The Telfair County Tenure Law is a local constitutional amendment which states:

> The county officers of Telfair County shall not be eligible to succeed themselves after having served two successive terms in office, nor shall any such officer who is ineligible to succeed himself be eligible to hold any other elective office within a four year period following the date of the expiration of his second successive term. . . .

Ga. L. 1963, p. 705.[1] This provision is made specifically applicable to what is now Article IX of the 1983 Georgia Constitution which

---

[1] This provision explicitly amended Article XI, Section I, Paragraph I of the Georgia Constitution of 1945. The amendment was carried forward under the Georgia Constitution of

contains general provisions regarding the election of county officers. No mention is made of school board members in Article IX.

To decide this case, we must determine. whether school board members are county officials for purposes of the Telfair County Tenure Law. We considered a similar issue regarding school superintendents in *Bradfield v. Wells*, 262 Ga. 198 (415 SE2d 638) (1992). There, we found that, even though school superintendents may be county officials for some purposes, they were not county officers for all purposes because numerous school districts do not have the same physical boundaries as the county, and, as a result, the qualifications and eligibility requirements for school superintendents vary from those of county officials in general.[2] Furthermore, we explained that "Art[icle] VIII of the constitutions of 1983 and 1945, together with local amendments to Art[icle] VIII and the general laws passed under the authority of Art[icle] VIII, constitute comprehensive requirements for the office of school superintendent." Id. at 200-201 (1).

Therefore, because the requirements for the office of school superintendent were set forth in Article VIII, along with statutory provisions enacted under the authority of Article VIII, we concluded that the Telfair County Tenure Law did not reach superintendents because it specifically amends Article IX of the constitution, not Article VIII. Id. at 201 (1).

Like school superintendents, school board members may not be county officers because school districts may not have the same boundaries as the county.[3] In addition, Article VIII, which creates the office of school superintendent, also addresses school boards and school board members. Article VIII, Section V, Paragraph II states: "Each school system shall be under the management and control of a board of education, the members of which shall be elected as provided by law." Thus, as with school superintendents, school board members are subject to Article VIII and the laws created under its authority. Pursuant to this authority, detailed rules regarding school boards have been established under OCGA § 20-2-50 et seq. For example,

---

1976, and it was approved by referendum in 1986 after the adoption of the Georgia Constitution of 1983. See Ga. L. 1986, p. 4527. Article XI of the Georgia Constitution of 1945 corresponds to Article IX of the current Georgia Constitution of 1983.

[2] At the time that *Bradfield* was decided, the school superintendent of Telfair County was an elected, not an appointed, official.

[3] In *Bradfield*, it was argued that prior case law required that school superintendents be considered county officials. See, e.g., *Matthew v. Ellis*, 214 Ga. 665 (107 SE2d 181) (1959). Although prior cases had, in fact, treated school superintendents that way, we found that, although school superintendents might be county officials for some purposes, they were not automatically county officials for all purposes, including election. The same reasoning applies to school board members. Although in some situations school board members may be county officials, they are not county officials for all purposes.

OCGA § 20-2-51 sets forth rules regarding the eligibility of a person to run for a county school board seat. Because these rules were set forth under the authority of Article VIII, they are not subject to the Telfair County Tenure Law because it amends Article IX and not Article VIII. Therefore, county school board members are not subject to the term limitations of the Telfair County Tenure Law, and the trial court did not err in this case by rejecting Dyal's contentions otherwise.[4]

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 21, 2008.

*Gibson & Associates, Adam Ferrell*, for appellants.
*Chambless, Higdon, Richardson, Katz & Griggs, Mary M. Katz*, for appellee.

---

[4] Contrary to Dyal's arguments, OCGA § 20-2-52 does not alter this result. This statute provides: "Members of local boards of education shall be elected for terms of four years unless their terms are otherwise provided by local Act or constitutional amendment." Although the Telfair County Tenure Law is a constitutional amendment, it is not a constitutional amendment which applies to Article VIII and school board members.