## S10A1770. HORTON v. JOHNSON.
(699 SE2d 314)

HINES, Justice.

Raford Horton appeals from the order of the Superior Court of Telfair County affirming the decision of the Probate Court of Telfair County that he was not eligible to be a candidate in the Democratic primary on July 20, 2010 for the office of Telfair County Commissioner, District Five. For the reasons that follow, we affirm.

After Horton filed his notice of candidacy for the primary, he was notified by the Telfair County Superintendent of Elections that the Telfair County Tenure Law prohibited him from qualifying for the Commission post, a determination eventually upheld by the superior court.[1] This Court has previously addressed the Telfair County Tenure Law.

The Telfair County Tenure Law (Ga. L. 1963, p. 705) is a local constitutional amendment that states in pertinent part:

> Article XI, Section I, Paragraph I of the Constitution is hereby amended by adding at the end thereof the following: "The county officers of Telfair County shall not be eligible to succeed themselves after having served two successive

---

[1] Horton filed his notice of candidacy for election on May 10, 2010 and was notified of the rejection by the Superintendent of Elections on May 17, 2010. A hearing was held in the probate court on May 28, 2010, and that court found that the Telfair County Tenure Law operated so as to bar Horton's candidacy. Horton appealed to the superior court on June 11, 2010, and that court issued its order affirming the probate court on July 1, 2010. Horton then moved this Court for a stay of the July 20, 2010 Democratic primary election as to this Commission post, which was granted.

terms in office, nor shall any such officer who is ineligible to succeed himself be eligible to hold any other elective county office within a four year period following the date of the expiration of his second successive term. . . ." Ga. L. 1963, p. 705.

This amendment to Art. XI, Sec. I, Par. I of the Georgia Constitution of 1945 was carried forward under the provisions of the Georgia Constitution of 1976 and approved by referendum in 1986 following the adoption of the Georgia Constitution of 1983. See Ga. L. 1986, p. 4527. The local amendment specifically references only Art. XI, Sec. I, Par. I of the Georgia Constitution of 1945. Article XI of the Constitution of 1945 and the corresponding article of the Constitution of 1983, Art. IX, establish each county as a body corporate and politic and contain general provisions regarding the election of county officers, their terms and compensation. . . .

*Bradfield v. Wells*, 262 Ga. 198, 198-199 (1) (415 SE2d 638) (1992). It is undisputed that Horton served two successive terms as Telfair County Coroner from 2001 to 2008.

*Bradfield* dealt with the Superintendent of the Telfair County School District, who had been determined by the superior court to be ineligible for reelection under the Telfair County Tenure Law. In reversing that determination, this Court noted that the 1945 Constitution of the State of Georgia also "contained separate, specific provisions concerning the qualifications, term of office and method of selection of school superintendents," but that those were found in Article VIII of the 1945 Constitution, which was carried forward to Article VIII of the 1983 Constitution of the State of Georgia. Id. at 199. And, this Court concluded, that since the Telfair County Tenure Law amended only Article XI of the 1945 Constitution, it had no effect on the office of Superintendent of the Telfair County School District, whose qualifications for office were governed by Article VIII. Id. See also *Dyal v. Pope*, 283 Ga. 463, 463-464 (660 SE2d 725) (2008).

Horton contends that his case is akin to that of *Bradfield* because nowhere in Article IX of the current Constitution is there any mention of the office of County Coroner. It is true that some county officers are specifically mentioned in current Article IX, which reads in pertinent part:

The clerk of the superior court, judge of the probate court, sheriff, tax receiver, tax collector, and tax commis-

sioner, where such office has replaced the tax receiver and tax collector, shall be elected by the qualified voters of their respective counties for terms of four years and shall have such qualifications, powers, and duties as provided by general law.

Ga. Const. of 1983, Art. IX, Sec. I, Par. III (a). No other county officers are specifically mentioned in Article IX, and clearly, the office of County Coroner is not mentioned.

However, the constitutional language upon which Horton relies did not exist until the Constitution of 1983. In 1963, when the Telfair County Tenure Law amended Article XI of the Constitution of 1945, Article XI did not include any list of specific officers. See Ga. Const. of 1945, Article XI. Rather, the provision of the 1945 Constitution that corresponded to what is now Article IX, Section I, Paragraph III (a) of the 1983 Constitution was found at Article XI, Section II, Paragraph I, and read:

> The county officers shall be elected by the qualified voters of their respective counties or districts, and shall hold their office for four years. They shall be removed upon conviction for malpractice in office; and no person shall be eligible for any of the offices referred to in this paragraph unless he shall have been a resident of the county for two years and is a qualified voter.

Ga. Const. of 1945, Art. XI, Sec. II, Par. I. Thus, the Telfair County Tenure Law incorporated this language from the 1945 Constitution regarding "county officers," and it is that which was carried forward under Article XI, Section I, Paragraph IV of the Georgia Constitution of 1983. See Ga. L. 1986, p. 4527. When the Telfair County Tenure Law was adopted in 1963, coroners were understood to be constitutional "county officers." See *Employees Retirement System v. Lewis*, 109 Ga. App. 476, 479 (2) (a) (136 SE2d 518) (1964) (citing *McBrien v. Starkweather*, 43 Ga. App. 818 (4) (160 SE 548) (1931)). See also *Lucas v. Woodward*, 240 Ga. 770, 773, n. 7 (243 SE2d 28) (1978) (disapproving of *Lewis's* dicta regarding county commissioners, but noting that *Lewis* "provide[s] a general listing of what offices are, and what offices are not, county offices."). Further, the election of county coroners is not addressed elsewhere in the Constitution of 1983. Compare *Bradfield*, supra. As it is undisputed that Horton was elected County Coroner for two successive four-year terms, and served those terms, the trial court did not err in ruling that Horton was barred from being elected in 2010 to the office of Telfair County Commissioner, District Five.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 7, 2010.

Raford Horton, *pro se.*
*Joseph I. Marchant,* for appellee.